In the
United States Court of Appeals
For the Seventh Circuit

No. 99-8013

Kenya Gary and Tania Hayes,
on behalf of themselves and a class
of others similarly situated,

Plaintiffs-Respondents,

v.

Michael F. Sheahan, Sheriff
of Cook County, Illinois,

Defendant-Petitioner.

On Petition for Leave to Appeal from the
United States District Court for
the Northern District of Illinois, Eastern Division.
No. 96 C 7294--David H. Coar, Judge.

Submitted July 2, 1999--Decided August 19, 1999

Before Easterbrook, Diane P. Wood, and Evans, Circuit
Judges.

Easterbrook, Circuit Judge.  As in Blair v.
Equifax Check Services, Inc., No. 99-8006 (7th
Cir. June 22, 1999), we have been asked to
approve an interlocutory appeal under Fed. R.
Civ. P. 23(f). See also 28 U.S.C. sec.1292(e);
Fed. R. App. P. 5. And as in Blair, there is a
preliminary question about appellate
jurisdiction. Rule 23(f) authorizes us to "permit
an appeal from an order of a district court
granting or denying class action certification
under this rule if application is made to it
within ten days after entry of the order." Blair
held an appeal may be filed either from the order
itself or from the disposition of a request for
reconsideration filed within the time for appeal.
Now we drop the other shoe: if the request for
reconsideration is filed more than ten days after
the order "granting or denying class action
certification under this rule", then appeal must
wait until the final judgment.

This case was certified as a class action on
April 10, 1997. In August 1998 defendant asked
the district court to decertify the class.
Defendant's motion was denied on March 31, 1999,

and a petition for leave to appeal was filed within ten days of that order. (Ten rule days, not ten calendar days; under Fed. R. Civ. P. 6(a) weekends and holidays do not count when a time limit prescribed by the civil rules is ten days or fewer.) Blair shows that a motion to reconsider filed more than ten days after the order is too late to preserve the possibility of appeal under Rule 23(f), and we do not think that it matters what caption the litigant places on the motion to reconsider. This case demonstrates why that limit is essential. Otherwise, by styling a motion to reconsider as a motion to decertify the class, a litigant could defeat the function of the ten-day line drawn in Rule 23(f).

Interlocutory appeals are rare, because they may disrupt progress of the case. Because the decision whether a suit will proceed as a class action is so vital, and sometimes so hard to review at the end of the case, Rule 23(f) permits the court of appeals to accelerate appellate review; but to ensure that there is only one window of potential disruption, and to permit the parties to proceed in confidence about the scope and stakes of the case thereafter, the window of review is deliberately small.

Blair analogizes a motion for reconsideration to a post-judgment motion under Fed. R. Civ. P. 50 or 59(e). That analogy also supplies details about the effect of successive or belated motions in the district court. A motion filed after the time allowed by these rules does not extend the time for appellate review. Browder v. Director, Department of Corrections, 434 U.S. 257 (1978). A second or successive motion for reconsideration is just a motion filed after ten days: it does not restart the clock for appellate review. Charles v. Daley, 799 F.2d 343, 356 (7th Cir. 1986). Cf. Midland Coal Co. v. Director, OWCP, 149 F.3d 558, 563-64 (7th Cir. 1998) (same rule for judicial review of administrative action).

To this rule there is a solitary exception, which we fancy would apply to Rule 23(f) as well: if in response to a belated motion for reconsideration the judge materially alters the decision, then the party aggrieved by the alteration may appeal within the normal time. FTC v. Minneapolis-Honeywell Co., 344 U.S. 206, 211 (1952); Charles, 799 F.2d at 348. Thus, had the district judge granted defendant's motion and decertified the class, plaintiffs would have had ten days under Rule 23(f) to seek permission to appeal. Instead, however, the judge denied the motion and left the class definition in place. Accepting an appeal from such a decision would abandon the time limit for all practical purposes. That step would be both unauthorized

and imprudent.

The petition for leave to appeal is dismissed for want of jurisdiction.