United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-31149

---

KRISTEN K WHITE, Individually and on behalf of others
similarly situated

Plaintiff - Appellee-Cross-Appellant

v.

IMPERIAL ADJUSTMENT CORP; IMPERIAL FIRE & CASUALTY CO

Defendants - Appellants

EQUIFAX CREDIT INFORMATION SERVICES INC; EQUIFAX, INC

Defendants - Appellants-Cross-Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
No. 99-CV-3804

---

Before KING, Chief Judge, DENNIS, Circuit Judge, and LYNN,[*]

District Judge.

PER CURIAM:[**]

Defendants-Appellants Imperial Adjustment Corporation;

Imperial Fire and Casualty Co.; Equifax Credit Information

---

[*]     District Judge for the Northern District of Texas,
sitting by designation.

[**]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

Services, Inc.; and Equifax, Inc. have filed an interlocutory appeal under FED. R. CIV. P. 23(f) challenging the district court's certification of a class [the "Imperial class"] described as:

> All persons whose consumer reports (also called "credit reports") were provided during the time frame of December 20, 1997 to present by computer transmission from the database of Equifax Credit Information Services, Inc. ("Equifax") to Imperial Adjustment Corporation or Imperial Fire and Casualty Company for the purpose of locating each such person or in connection with the investigation of a subrogated claim, without having obtained the written permission of such consumer.

> Specifically excluded from the class are the judges to whom this case is assigned and members of their immediate families.  Also excluded are the officers, directors, employees, attorneys and shareholders of Equifax, Inc., Equifax Credit Information Services, Inc., Imperial Fire and Casualty Company, and Imperial Adjustment Corporation.  Also excluded are persons whose consumer reports were furnished only after the insurance company or its representative, which received the credit report, had previously obtained a signed promissory note and/or a judgment against the consumer whose credit report was furnished.

Plaintiff-Appellee Kristen K. White cross-appeals the district court's decision not to reconsider an earlier ruling denying certification of a larger class [the "ChoicePoint class"].

"[T]he district court maintains great discretion in certifying and managing a class action."  <u>Mullen v. Treasure Chest Casino, L.L.C.</u>, 186 F.3d 620, 624 (5th Cir. 1999) (citation omitted).  "We will reverse a district court's decision to certify a class only upon a showing that the court abused its discretion, or that it applied incorrect legal standards in

2

reaching its decision." Id. (citations omitted). After a thorough review, we find that the district court neither abused its discretion nor applied incorrect legal standards in certifying the Imperial class. The corrections made by the district court to the definition of the Imperial class were consistent both with our mandate in the prior appeal, see White v. Imperial Adjustment Corp., No. 01-30740, slip op. at 2 (5th Cir. June 10, 2002), and with FED. R. CIV. P. 23(a) and 23(b)(3). The Defendants' additional objections to certification of the Imperial class are adequately addressed in the district court's opinion, so we will not repeat either those arguments or the district court's responses here.

Imperial Adjustment Corporation and Imperial Fire and Casualty Co. also argue in this appeal that the district court erred in dismissing their counterclaim and striking their affirmative defense against White, the named Plaintiff. This, however, is an interlocutory appeal of a class certification under Rule 23(f), so review of issues other than class certification is not appropriate at this time. Bertulli v. Indep. Ass'n of Cont'l Pilots, 242 F.3d 290, 294 (5th Cir. 2001) ("[U]nder Rule 23(f), a party may appeal only the issue of class certification; no other issues may be raised."). The Defendants must wait until there has been a final disposition of this case to appeal these issues.

In contrast to the Imperial class, we need not reach the

3

merits of the Choicepoint class, as we find that the Plaintiff's cross-petition for leave to appeal should not have been granted. The Plaintiff originally moved for certification of the Choicepoint class in March 2001. The district court denied that motion in May 2001, and the Plaintiff did not appeal from that order. On remand from the Defendants' first appeal in this case, the Plaintiff filed a Renewed Motion for Class Certification, asking the district court to reconsider certifying the larger Choicepoint class. In her motion, the Plaintiff made superficial changes to the class definition so that it was slightly different from the one previously rejected by the district court. In an August 2002 order, the district court refused to reconsider certifying the Choicepoint class, finding that the new class definition was deficient for the same reasons earlier identified. Because the district court's order did not grant or deny class certification, the district court's decision was not "an order of a district court granting or denying class action certification" for purposes of appeal under Rule 23(f). Therefore, appeal from this order was improper, and appeal from the prior order would be untimely under Rule 23(f). See FED. R. CIV. P. 23(f) ("A court of appeals may in its discretion permit an appeal . . . under this rule if application is made to it within ten days after entry of the order."); see also Gary v. Sheahan, 188 F.3d 891, 892 (7th Cir. 1999) ("[I]f [a] request for reconsideration is filed more than ten days after the order 'granting or denying class action

4

certification under this rule', then appeal must wait until the final judgment."). Therefore, we dismiss the Plaintiff's cross-appeal as improvidently granted.

For the foregoing reasons, we AFFIRM the district court's certification of the Imperial class described above, DISMISS the Plaintiff's cross-appeal, and REMAND for further proceedings not inconsistent with this opinion. Each party shall bear its own costs.

AFFIRMED in part, DISMISSED in part, and REMANDED.