**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 19, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 05-00016
_____

LANE McNAMARA, On behalf of himself and all others similarly situated; REUVEN RANDALL SINGER, On behalf of themselves and others similarly situated; JOHN QUICK, On behalf of themselves and others similarly situated; JOHN C MCCARTHY, On behalf of themselves and others similarly situated; MARIAN MCCARTHY; PATRICIA HUNT, On behalf of themselves and others similarly situated; SCOTT WILDING, On behalf of themselves and others similarly situated; MELVIN B MILLER, On behalf of themselves and others similarly situated; MEISSNER MUSIC PROMOTIONS LIMITED, Meissner Music Productions Inc; NEW MADRAS LIMITED PARTNERSHIP, On behalf of themselves and others similarly situated; ALAN HIRSCH, On behalf of themselves and others similarly situated; BENJAMIN KEMPER, On behalf of themselves and others similarly situated; DEBORAH L FOSS, On behalf of themselves and others similarly situated; DONALD LYTLE, On behalf of themselves and others similarly situated

Plaintiffs-Petitioners

versus

JOHN B FELDERHOF, JEANNETTE WALSH, On behalf of themselves and others similarly situated; T. STEPHEN MCANULTY; JOHN B. THORPE; ROLAND C FRANCISCO; HUGH C LYONS; PAUL M KAVANAUGH; KILBORN ENG PACIFIC; P T KILBORN PAKAR REKAYASA, An Indonesian Company; BARRICK GOLD CORPORATION; NESBITT BURNES INC; JP MORGAN & CO INC

Defendants-Respondents

----------------------
Petition for Leave to Appeal under Federal
Rule of Civil Procedure 23(f)
----------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

WIENER, Circuit Judge:

Petitioners Lane McNamara, et al. ("Petitioners"), seek leave under Federal Rule of Civil Procedure 23(f) to appeal the district court's denial of class certification. Because the petition was

untimely filed, we lack appellate jurisdiction and therefore must dismiss the petition.

## I. FACTS AND PROCEEDINGS

Petitioners are investors in gold-mining companies who sued defendants-respondents ("respondents") for securities fraud, alleging that defendants misled the investing public by confirming the existence and exaggerating the quantity of gold in an Indonesian deposit. In May 2001, petitioners filed a motion in district court seeking certification of a class comprising investors who acquired their stock in respondents on the NASDAQ exchange from August 1996 through March 1997 ("the NASDAQ class"). On March 31, 2003, the district court denied class certification.

Petitioners then asked the district court to schedule a status conference. At a May 2003 hearing, petitioners sought leave to file a trial plan that would address the district court's reasons for denying class certification. The district court granted petitioners leave to do so, and, on June 2, 2003, petitioners filed "Plaintiffs' Trial and Case Management Plan" ("the TCMP").

In July 2004, the district court ruled that it would treat the TCMP as a motion to reconsider under Federal Rule of Civil Procedure 60. On March 31, 2005, the district court denied the TCMP, after which petitioners filed with us their Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f) on April 14, 2005.

## II. ANALYSIS

Rule 23(f) provides that "[a] court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class certification under this rule if application is made to it <u>within ten days after entry of the order.</u>"[1] It is uncontested that petitioners did not file their Rule 23(f) petition within ten days after the district court entered its order on March 31, 2003 denying class certification. Unless some exception applies, we lack appellate jurisdiction to entertain the petition.[2]

Petitioners contend that the TCMP was no more than "further certification proceedings," and that, because they filed their Rule 23(f) petition within ten days after the district court's March 31, 2005 denial of the TCMP, their petition was timely filed. Petitioners also assert that the district court erred when it treated the TCMP as a motion to reconsider under Rule 60. We find no merit in either of petitioners' positions.

The district court did not err when it treated the TCMP as a motion to reconsider under Rule 60. Citing our opinion in <u>Bertulli v. Independent Ass'n of Continental Pilots</u>, respondents maintain

---

[1] FED. R. CIV. P. 23(f) (emphasis added).

[2] <u>See Shin v. Cobb County Bd. of Educ.</u>, 248 F.3d 1061, 1064-65 (11th Cir. 2001); <u>Gary v. Sheahan</u>, 188 F.3d 891, 892 (7th Cir. 1999); <u>Blair v. Equifax Check Servs., Inc.</u>, 181 F.3d 832, 837 (7th Cir. 1999); <u>see also White v. Imperial Adjustment Corp.</u>, 75 Fed. Appx. 972, 974 (5th Cir. 2003)(relying on <u>Gary</u> and <u>Blair</u>).

that petitioners may not appeal this issue under Rule 23(f).[3] We do not read Rule 23(f) as so limiting in nature. The issue whether the district court properly treated petitioners' TCMP motion as a Rule 60 motion to reconsider bears directly on the threshold question of the timeliness of petitioners' attempt to invoke our jurisdiction and take an appeal. In Bertulli, we reviewed the district court's standing determination because standing "goes to the constitutional power of a federal court to entertain an action," as does our jurisdiction.[4] In addition, the question whether the district court properly treated the TCMP as a motion to reconsider bears directly on whether the order from which a discretionary appeal is sought is an order granting or denying class certification appealable under Rule 23(f).

In the TCMP, petitioners set forth the law on "revisitation" and "modification" of class certification rulings.[5] They specifically asked the district court to modify its ruling with respect to class certification.[6] As the TCMP called into question

_____

[3] 242 F.3d 290, 294 (5th Cir. 2001) ("[U]nder Rule 23(f), a party may appeal only the issue of class certification; no other issues may be raised.").

[4] See id. at 294.

[5] Petitioners also noted that "[t]his trial plan is submitted in response to the Court's March 31, 2003 order denying certification of a class . . . ."

[6] See Gary, 188 F.3d at 893 (". . . and we do not think that it matters what caption the litigant places on the motion to reconsider.").

4

the correctness of the district court's order, that court did not err when it treated the TCMP as a motion to reconsider its order.

Petitioners asked the district court to modify its ruling under Rule 23(c)(1)(C),[7] but this rule has no bearing on the time limit prescribed in Rule 23(f). Indeed, on remand, a district court is free to reconsider its class certification ruling as often as necessary before judgment.[8] Rule 23(c)(1)(C) addresses the federal rules as they apply to a district court's order granting or denying certification; it does not bear on the ten-day time limit imposed by Rule 23(f). In addition, to hold that — no matter how styled — a motion under Rule 23(c) is <u>always</u> distinct from a motion to reconsider would allow a party to subvert the ten-day time limit prescribed in Rule 23(f). This in turn would permit a party to file a Rule 23(c) motion and thereafter appeal any grant or denial within ten days, no matter how long after the district court had initially ruled on the issue of class certification.[9]

---

[7] "An order under Rule 23(c)(1) may be altered or amended before final judgment." FED. R. CIV. P. 23(c)(1)(C).

[8] <u>See</u> FED. R. CIV. P. 23(c)(1)(C); <u>In re Integra Realty Res., Inc.</u>, 354 F.3d 1246, 1261 (10th Cir. 2004) ("Moreover, a trial court overseeing a class action retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment."); <u>Boucher v. Syracuse Univ.</u>, 164 F.3d 113, 188 (2d Cir. 1999) ("But under Rule 23(c)(1), courts are required to reassess their class rulings as the case develops." (citations and quotations omitted)).

[9] <u>See, e.g., Gary</u>, 188 F.3d at 893 ("[B]y styling a motion to reconsider as a motion to decertify the class, a litigant could defeat the function of the ten-day line drawn in Rule

Further, the district court noted that "lead counsel [for petitioners] have identified no new legal authority or a changed circumstance that compels the court to arrive at a different conclusion." Specifically, the district court stated: "By now asking the court to revisit issues similar to those presented and argued when the court was deciding whether to certify the NASDAQ class, [petitioners'] lead counsel are effectively seeking repetitive proceedings in hopes of keeping alive the possibility of obtaining class certification." As the district court concluded that petitioners had failed to identify any reason why its previous order was incorrect and merely reaffirmed its prior ruling, the court's order was not "an order . . . granting or denying class action certification" under Rule 23(f).[10]

Even if we were to determine that the district court erred when it treated the TCMP as a motion to reconsider under Rule 60, this would have no bearing on our conclusion that the petition was untimely. Those courts of appeals that have considered the issue have unanimously held that a Rule 59 motion to reconsider filed within the ten-day limit set forth in Rule 23(f) tolls the period

_____

23(f). . . Rule 23(f) permits the court of appeals to accelerate appellate review; but to ensure that there is only one window of potential disruption, and to permit the parties to proceed in confidence about the scope and stakes of the case thereafter, the window of review is relatively small.").

[10] FED. R. CIV. P. 23(f); see also White, 75 Fed. Appx. at 974.

6

for appeal until the district court rules on that motion.[11] Petitioners did not file the TCMP within ten days after the March 31, 2003 order denying class certification. Consequently, whether or not the TCMP is treated as a Rule 60 motion to reconsider, it failed to toll the ten-day time limit.

Likewise, even if we were to treat the TCMP as "further certification procedures," we would hold that to toll Rule 23(f)'s ten-day limit, petitioners would have had to file it within ten days after the order denying certification was entered. As the courts of appeal uniformly require that a motion to reconsider be filed within ten days if it is going to toll the ten-day period within which to seek permission to appeal, we see no reason to deviate from this general rule merely because a party has styled its motion differently.

### III. CONCLUSION

For the foregoing reasons, we dismiss the petition for lack of appellate jurisdiction.

PETITION DISMISSED FOR LACK OF APPELLATE JURISDICTION.

---

[11] See Shin, 248 F.3d at 1064-65; Gary, 188 F.3d at 892; Blair, 181 F.3d at 837; see also White, 75 Fed. Appx. at 974 (quoting Seventh Circuit).