**Robert M. COCO., individually and on behalf of all others similarly situated, Plaintiff–Respondent,**

**v.**

**INCORPORATED VILLAGE OF BELLE TERRE, NEW YORK, and Robert J. Walker, individually and in his capacity as Chief Constable, Defendants–Petitioners,**

**Brett Manthe, et al, Defendants.**

**Docket No. 05–6669–MV.**

United States Court of Appeals,
Second Circuit.

Submitted: May 4, 2006.

Decided: May 8, 2006.

Jonathan Scott, Scott & Scott LLP, Smithtown, NY, for Plaintiff–Respondent.

Terry Rice, Rice & Amon, Suffern, NY, for Defendants–Petitioners.

Before: MESKILL, STRAUB and KATZMANN, Circuit Judges.

PER CURIAM.

Petitioners seek leave, pursuant to Federal Rule of Civil Procedure 23(f), to appeal the order of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*) certifying a class in this case. Under Rule 23(f), "[a] court of appeals may in its discretion permit an appeal from [such an order] if application is made to it within ten days after entry of the order." Petitioners failed to file their application within the ten day time limitation of Rule 23(f). Plaintiff Coco objects to the untimely filing of the petition and urges us to dismiss it for lack of jurisdiction.

While we have not previously considered the nature of Rule 23(f)'s ten day filing requirement, the Fifth, Seventh and Eleventh Circuits have all treated it as jurisdictional. *See McNamara v. Felderhof,* 410 F.3d 277, 279–81 (5th Cir.2005); *Shin v. Cobb County Bd. of Educ.,* 248 F.3d 1061 (11th Cir.2001); *Gary v. Sheahan,* 188 F.3d 891 (7th Cir.1999). However, the Supreme Court's recent decision in *Eberhart v. United States,* —— U.S. ——, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) calls the jurisdictional nature of Rule 23(f) into question. In *Eberhart,* the Supreme Court held that the time limitation for filing a motion for a new trial under Federal Rule of Criminal Procedure 33, previously held to be jurisdictional, is actually a non-jurisdictional "claim processing" rule, although "one that is admittedly inflexible." *Id.* at 407. *See also Kontrick v. Ryan,* 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (holding that the time limitations of Federal Rules of Bankruptcy Procedure 4004 and 9006 are non-jurisdictional claim-processing rules).

We do not need to decide here whether Rule 23(f) is a jurisdictional or claim-processing rule, because if it is a claim-processing rule, it is quite clearly an "inflexi-

ble" one. *See* Rule 26(b)(1) (expressly prohibiting courts from extending time to file a petition for permission to appeal). Because Coco objects to the untimely filing, we are compelled to deny the petition. *See Eberhart,* —— U.S. at ——, 126 S.Ct. at 407 ("These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them.").

For the foregoing reasons, the petition is denied.