# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

March 23, 2010

No. 09-63
Summary Calendar

Charles R. Fulbruge III
Clerk

JAMES D. HARPER, individually and on behalf of himself and all others
similarly situated,

Plaintiff–Petitioner

v.

AMERICAN AIRLINES, INC.,

Defendant–Respondent

Petition for Leave to Appeal
under Fed. R. Civ. P. 23(f)

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James D. Harper petitions under Federal Rule of Civil Procedure 23(f) and

Federal Rule of Appellate Procedure 5 for permission to appeal the Northern

District of Texas's denial of his motion for class certification (the "Motion").[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The district court denied Harper's motion to declare the Motion timely and granted American Airlines, Inc.'s ("AA") motion to strike the Motion. AA argues that the district court's order was not an "order granting or denying class-action certification" under Rule 23(f). Because Harper's petition was untimely, we do not reach this argument.

No. 09-63

Because Harper filed his petition after Rule 23(f)'s fourteen day deadline passed, we dismiss.

Rule 23(f) provides that we may permit an appeal only "if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered." When calculating the deadline, we must "count every day, including intermediate Saturdays, Sundays, and legal holidays." FED. R. CIV. P. 6(a)(1)(B).[2] The district court entered its order on December 16, 2009 and Harper's petition was filed with the circuit clerk on December 31, 2009. Therefore, Harper's petition was untimely.

We have previously held that Rule 23(f)'s deadline for filing a petition to permit appeal is jurisdictional. *McNamara v. Felderhof*, 410 F.3d 277, 279–80 (5th Cir. 2005). As noted by other circuits, however, the Supreme Court's decision in *Eberhart v. United States*, 546 U.S. 12 (2005) "casts doubt on the notion that the timeliness of notices of appeal generally is jurisdictional." *Carpenter v. Boeing*, 456 F.3d 1183, 1190 n.1 (10th Cir. 2006) (citations omitted); *see also Coco v. Incorporated Village of Belle Terre, New York*, 448 F.3d 490,

---

[2] Rules 23(f) and 6(a)(1)(B) were amended effective December 1, 2009 to provide for a fourteen day deadline including Saturdays, Sundays, and legal holidays. The old rules imposed a ten day deadline, excluding Saturdays, Sundays, and legal holidays. Because December 25, 2009 was a legal holiday, the deadline would have been December 31, 2009 under the old rules. Harper argues that because the Supreme Court granted discretion, pursuant to 28 U.S.C. § 2074(a), for courts to apply the new rules to pending cases as "just and practicable," that we should apply the old rules to his case. However, his argument is not persuasive. A simple change in the calculation of an appellate deadline is not a rule for which we must provide a grace period for litigants to adjust, and the new rules were in place when the district court entered its order on December 16, 2009. Therefore, it is "just and practicable" to apply the new rules. *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 n.8 (5th Cir. 1996) (finding application of new rules just and practicable where there was no legitimate reason for applying the old rules).

No. 09-63

491–92 (2d Cir. 2006) (per curiam) (discussing *Eberhart*'s effect on whether the timeliness of a petition under Rule 23(f) is jurisdictional).

However, it is abundantly clear that whether or not the timeliness requirement is jurisdictional, it is "strict and mandatory." *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 192 (3d Cir. 2008) (citing *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1290 (11th Cir. 2007)); *see also Coco*, 448 F.3d at 491–92 (finding that if Rule 23(f) "is a claim-processing rule, it is quite clearly an 'inflexible one'"). We cannot alter the rules simply because Harper missed the deadline by one day or did not realize that the new rules had taken effect. Accordingly, we dismiss Harper's petition.

DISMISSED.