[Cite as *Sylvester v. User Friendly Phone Book*, 2012-Ohio-5451.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| TONY SYLVESTER | : | Patricia A. Delaney, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2012 CA 00065 |
|  | : |  |
|  | : |  |
| USER FRIENDLY PHONE BOOK | : | O P I N I O N |
| Defendant-Appellant |  |  |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Stark County Court of Common Pleas Case No. 2008CV04721 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | November 19, 2012 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| DOUGLAS C. BOND | CHARLES D. HALL, III |
| Morello & Bond, Ltd. | Hall Law Firm |
| 116 Cleveland Ave., N.W. | 610 Market Avenue, North |
| 700 Courtyard Centre | Canton, Ohio  44702 |
| Canton, Ohio  44702 | |

*Edwards, J.*

{¶1}  Defendant-appellant, David Mayfield, appeals from the February 22, 2012, Judgment Entry of the Stark County Court of Common Pleas.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}  Appellant David Mayfield, Jr. and appellee Tony Sylvester are both bail bondsmen. Appellant's agency is BDM Bail Bonds while appellee's is Sly Bail Bonds. As bail bondmen, they are licensed through the Ohio Department of Insurance and post bonds, through a surety company, for individuals who are being held in jail to ensure that such individuals appear in court for future hearings. As a general rule, a bail bondsman receives 10% of the surety amount as a fee. A bail bondsman, as a general agent, will typically have other bail bondsmen working for him or her as subagents. The subagents actually write or execute the bonds on the agent's behalf by writing the bond and filing it with the court.

{¶3}  Appellee Tony Sylvester was a subagent who worked for appellant as an independent contractor. In September of 2008, appellee told appellant that he was terminating his subagent relationship with appellant. On November 7, 2008, appellee filed a complaint against appellant and User–Friendly Phone Book, LLC. Appellee, in his complaint, alleged, in part, that appellant had used appellee's image in appellant's telephone directory advertisement. On January 15, 2009, User–Friendly Phone Book, LLC filed an answer and a cross-claim against appellant.

{¶4}  Thereafter, on August 20, 2009, User–Friendly Phone Book, LLC dismissed its cross-claim against appellant without prejudice. On the same date, appellee dismissed his claim against User–Friendly Phone Book, LLC with prejudice.

**{¶5}** Subsequently, the parties to this appeal entered into a settlement and an Agreed Entry dismissing the case with prejudice was filed on October 22, 2009. Appellee signed the Settlement Agreement on October 19, 2009, and appellant signed it on October 27, 2009.

**{¶6}** Appellee, on March 12, 2010, filed a Motion for Contempt against appellant. Appellee, in his motion, alleged that appellant had breached the terms of the Settlement Agreement.

**{¶7}** On June 14, 2010, appellant filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B)(3) and (5).

**{¶8}** On August 4, 2010, appellant filed a motion, in the alternative, seeking specific performance of the Settlement Agreement. On August 25, 2010, appellant filed a Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C).

**{¶9}** Thereafter, the matter was tried to the court on September 10, 2010. Pursuant to a Judgment Entry filed on November 2, 2010, the trial court granted appellee judgment against appellant in the amount of $49,000.00. The trial court found that appellant had violated the terms of the Settlement Agreement by not using appellee as his exclusive subagent for Stark, Portage and Summit counties. The trial court also found appellant in contempt of court and sentenced him to 30 days in jail with the condition that he could purge his contempt by paying appellee's attorney's fees within thirty (30) days. The trial court also overruled appellant's motion for relief from judgment pursuant to Civ.R. 60(B) and his motion for specific performance. Finally, the trial court overruled appellant's motion for judgment on the pleadings.

{¶10} Appellant then appealed. On appeal, appellant argued, in part, that the trial court had erred in its calculation of damages. The trial court, in calculating damages, had awarded appellee 5% of the total face value of the bonds. This Court agreed with appellant, stating, in relevant part, as follows: "the Settlement Agreement signed by the parties specifically and unambiguously states that the "subagent's fee shall be thirty percent (30%) *of the total amount collected.*" (Emphasis added). The trial court did not apply such formula in determining appellee's monetary damages. We find, therefore, that the trial court erred in calculating damages." *Sylvester v. User Friendly Phone Boo*k, 5th Dist. No. 2010CA00327, 2012-Ohio-6610, ¶ 73. Pursuant to our Opinion, which was filed on December 19, 2011, we remanded the matter to the trial court for further proceedings.

{¶11} On February 3, 2012, appellee filed a Motion to Make Further Orders Upon Remand asking, in part, that the trial court order appellant to pay appellee $98,767.50 as damages. Appellee alleged that such figure represents 30% of the total bond fee, not 30% of the total amount collected. As memorialized in a Judgment Entry filed on February 22, 2012, the trial court ordered that "the Subagent's fee shall be 30% of the total bond fee;"

{¶12} Appellant now raises the following assignments of error on appeal:

{¶13} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT-DEFENDANT MAYFIELD WHEN IT APPROVED A JUDGMENT ENTRY, PROVIDED BY THE PLAINTIFF-APPELLEE, THAT IS DIRECTLY IN CONTRADICTION TO THE DOCTRINE OF *RES JUDICATA*.

{¶14} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT-DEFENDANT MAYFIELD WHEN IT APPROVED A JUDGMENT ENTRY, PROVIDED BY THE PLAINTIFF-APPELLEE, THAT IS DIRECTLY IN CONTRADICTION TO THE DOCTRINE OF *LAW OF THE CASE*."

{¶15} As a preliminary matter, we must first determine whether the order under review is a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266, (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. See *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 541 N.E.2d 64, (1989), syllabus; *Whitaker–Merrell v. Carl M. Geupel Const. Co.,* 29 Ohio St.2d 184, 186, 280 N.E.2d 922, (1972).

{¶16} An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its district. See Section 3(B)(2), Article IV, Ohio Constitution; see also R.C. § 2505.02 and *Fertec, LLC v. BBC & M Engineering, Inc.,* 10th Dist. No. 08AP–998, 2009–Ohio–5246. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co.,* supra at 20.

{¶17} To be final and appealable, an order must comply with R.C. 2505.02. R.C. § 2505.02(B) provides the following in pertinent part:

{¶18} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶19}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

**{¶20}** "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

**{¶21}** As noted by the court *in CitiMortgage v. Arnold,* 9th Dist. No. 25186, 2011–Ohio–1350, ¶ 7: "Generally, an order that determines liability but not damages is not a final, appealable order. *Walburn v. Dunlap,* 121 Ohio St.3d 373, 2009–Ohio–1221, 904 N.E.2d 863, at ¶ 31. There is an exception to this general rule, however, 'where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains.' *State ex rel. White v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543, 546, 684 N.E.2d 72. Thus, if 'only a ministerial task similar to executing a judgment or assessing costs remains' and there is a low possibility of disputes concerning the parties' claims, the order can be appealed without waiting for performance of that ministerial task. *Id.*"

**{¶22}** In the case sub judice, we find that the February 22, 2012 Judgment Entry is not a final appealable order. While the Judgment Entry awarded appellee 30% of the total bond fee, it did not set forth the actual dollar amount awarded to appellee, and did not reference any documents in the record that did. See *CitiMortgage v. Arnold,* supra.[1] Thus, the issue of damages has not been resolved.

---

[1] In such case, the court held that a summary judgment order in a foreclosure case that did not set forth the amount of judgment owed was not final.

{¶23} Because the judgment appealed from is not a final, appealable order, the

appeal is dismissed.

By: Edwards, J.

Delaney, P.J. and

Wise, J. concur

                                       _____

                                       _____

                                       _____

                                            JUDGES

JAE/d0910

[Cite as *Sylvester v. User Friendly Phone Book*, 2012-Ohio-5451.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TONY SYLVESTER | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| USER FRIENDLY PHONE BOOK | : | |
| Defendant-Appellant | : | CASE NO. 2012 CA 00065 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Stark County Court of Common Pleas is dismissed. Costs assessed to appellant.

_____

_____

_____

JUDGES