# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2013

No. 11-10615
Summary Calendar

Lyle W. Cayce
Clerk

DANNY LEE PERKINS,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - CORRECTIONAL INSTITUTIONAL DIVISION; UNIVERSITY OF TEXAS MANAGED HEALTH CARE; TEXAS TECH UNIVERSITY (CORRECTIONAL) MANAGED HEALTH CARE; TEXAS DEPARTMENT OF CRIMINAL JUSTICE MEDICAL SERVICES DIRECTOR L. LINTHICUM; DDS GEORGE BLAKE; DDS FR JASON BROWNING; DDS WILLIAM WALTON; FNP MSN MPH AHIA SHABAAZ; DENTAL UTILIZATION QUALITY REVIEW COMMITTEE; DR. THERESA WHITT; FNP DEBREH CALDWELL; JUDGE BROOKS HAGLER; NONA CARTER, Clerk of the Court, Clerk of 259th; LACEY HANSEN, Clerk, 259th; JOHN DOE, Policy Maker; DR. JEFF DOE; BOB PREWIT, Vice President of Medical; ASSISTANT WARDEN CARY COOK; WARDEN ROBERT EASON,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-94

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Danny Lee Perkins, Texas prisoner # 1107455, appeals the dismissal as frivolous of his 42 U.S.C. § 1983 complaint. We review the dismissal of his complaint for abuse of discretion. *See Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).

Asserting that the defendants delayed for six years to provide him with dentures after his teeth were pulled, Perkins argues that the defendants were deliberately indifferent to his serious medical needs. "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and footnote omitted). To prevail on such a claim, the plaintiff must establish that a defendant denied him treatment, purposefully gave him improper treatment, ignored his medical complaints, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (internal quotations marks and footnote omitted). The existence of continuous or regular medical care generally precludes a finding of deliberate indifference. *See Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995). A delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and results in substantial harm. *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993).

The undisputed facts are that Perkins did not lose weight for three years after having his teeth pulled; Perkins's medical records reflect that he complained of the weight loss; a dentist suspected that Perkins lost weight to get dentures; and Perkins was seen and treated first with a blended diet and then with a hypercaloric blended diet. He has since obtained dentures. Essentially, Perkins has stated a disagreement with the treatment he received and has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raised a claim more akin to medical malpractice or negligence. *See Gobert,* 463 F.3d at 346. As the magistrate judge found, Perkins's allegations and the medical records do not show that any defendant was deliberately indifferent to his serious medical needs.

Perkins also argues that he was erroneously denied attorneys' fees, characterizing himself as the prevailing party since he obtained the dentures he sought. Other considerations aside, Perkins is not entitled to attorneys' fees as a pro se litigant. *See Kay v. Ehrler,* 499 U.S. 432, 435-37 (1991).

Perkins argues that his claims of retaliation and a violation of his equal protection rights were erroneously dismissed. Both of these claims were entirely conclusory, and therefore there was no abuse of discretion in their dismissal. *See Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999); *Augustine v. Doe*, 740 F.2d 322, 325 n.6 (5th Cir. 1984).

In the district court, Perkins raised claims that certain of the defendants violated RICO and violated his due process rights. As Perkins has not briefed these claims, they are considered waived. *See Sama v. Hannigan*, 669 F.3d 585, 589 n.5 (5th Cir. 2012). Perkins has also waived any argument that the magistrate judge erroneously determined that the defendants enjoyed Eleventh Amendment immunity to the extent that they were state agencies or were acting in an official capacity. *See id.*

Last, Perkins argues that he was erroneously denied class certification. Perkins's notice of appeal was filed well more than 14 days after the denial of his motion for certification. Therefore, his appeal of the denial of his motion for class certification is dismissed for lack of jurisdiction as untimely filed. *See McNamara v. Felderhof*, 410 F.3d 277, 279 (5th Cir. 2005).

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION.