# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2013

———————

No. 13-90045

———————

Lyle W. Cayce
Clerk

M.D., by next of friend Sarah R. Stukenberg; Z.H., by next of friend Carla B. Morrison; S.A., by next of friend Javier E. Solis; A.M., by next of friend Jennifer Talley; J.S., by next of friend Anna J. Ricker; K.E., by next of friend John W. Cliff, Jr.; H.V., by next of friend Anna J. Ricker; P.O., by next of friend Anna J. Ricker; L.H., by next of friend Estela C. Vasquez; C.H., by next of friend Estela C. Vasquez; S.S., by next of friend Estela C. Vasquez; A.R., by next of friend Tom McKenzie, individually and on behalf of all others similarly situated,

Plaintiffs–Respondents

v.

GOVERNOR RICK PERRY, in his official capacity as Governor of the State of Texas; KYLE JANEK, in his official capacity as Executive Commissioner of the Health and Human Services Commission of the State of Texas; JOHN J. SPECIA, JR., in his official capacity as Commissioner of the Department of Family and Protective Services of the State of Texas,

Defendants–Petitioners

————————————

Petition for Permission to Appeal under Fed. R. Civ. P. 23(f)
from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CV-84

————————————

Before JONES, CLEMENT, and PRADO, Circuit Judges.

No. 13-90045

PER CURIAM:[*]

On August 27, 2013, the district court certified a class of 12,000 children in the Texas foster care system in a suit alleging systemic violations of the children's rights and seeking broad, affirmative injunctive relief. On September 11, 2013, Defendants–Petitioners, the State of Texas ("the State"), filed a petition for permission to appeal the class certification order under Federal Rule of Civil Procedure 23(f). Plaintiffs–Respondents moved to dismiss the petition as untimely, arguing the petition was filed one day late. The State then filed a motion to suspend Federal Rule of Appellate Procedure 25(a)(2)(A) and Fifth Circuit Rule 26.1, which pertain to the circumstances under which a filing is considered timely. For the reasons stated below, we dismiss this petition as untimely.

Rule 23(f) provides that "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule *if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered.*" Fed. R. Civ. P. 23 (emphasis added). The fourteen-day time limit for filing a Rule 23(f) petition is "strict and mandatory."[1] *Harper v. Am. Airlines, Inc.*, 371 F. App'x 511, 512 (5th Cir. 2010) (per curiam) (unpublished) (citing *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 192 (3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Here, where Plaintiffs–Respondents have properly raised a timeliness challenge to the Rule 23(f) petition, we do not need to decide whether the timeliness requirement is jurisdictional or merely a claims-processing rule. *See Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam) (holding a timeliness requirement under the Federal Rules of Criminal Procedure nonjurisdictional). Even if we assume Rule 23(f) were an "inflexible" claim-processing rule, we would still "assure relief to a party properly raising [the rule]." *Id.* In other words, "[e]ven if not jurisdictional, a deadline is mandatory in the sense that if invoked by a party in timely fashion the court is bound by it." *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 485 (7th Cir. 2012).

No. 13-90045

Cir. 2008), and *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1290 (11th Cir. 2007)); *see also* 3 William B. Rubenstein, *Newburg on Class Actions* § 7:51 (5th ed. 2013) ("[C]ourts of appeals have applied [Rule 23(f)'s time limit rule] strictly."); 2 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 7:1 (9th ed. 2012) (collecting cases).[2]  As this Court has previously stated, "Rule 23(f) permits the court of appeals to accelerate appellate review; but to ensure that there is only one window of potential disruption, and to permit the parties to proceed in confidence about the scope and stakes of the case thereafter, the window of review is relatively small." *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 703 (5th Cir. 2010) (quoting *McNamara v. Felderhof*, 410 F.3d 277, 281 n.9 (5th Cir. 2005)).

Here, the State missed its narrow window to seek review.  Pursuant to Federal Rule of Civil Procedure 23(f), it had fourteen days from the issuance of the certification order on August 27 in which to file.  Under Federal Rule of Appellate Procedure 25(a)(2)(A) and Fifth Circuit Rule 26.1, this Court must actually receive the petition in order for the filing to be timely.  Thus, this Court had to actually receive the filing by September 10.  This Court did not receive the filing until September 11.

The State attempts to avoid the consequences of its untimely filing by urging us to suspend the rules that define when a petition is timely filed.  The State asks us to use our power under Federal Rule of Appellate Procedure 2 to suspend these rules.  It further contends that suspending the rules that state the proper *method* for timely filing does not amount to an extension of time to file.  We find these arguments untenable.

---

[2] Rule 23(f) was amended effective December 1, 2009 to provide for a fourteen-day deadline including Saturdays, Sundays, and legal holidays. Before the amendment, the rules imposed a ten-day deadline, excluding Saturdays, Sundays, and legal holidays. *See Harper*, 371 F. App'x at 512 n.2. The amendment does not change our analysis or reliance on pre-amendment cases.

No. 13-90045

Rule 2 does not give us discretion to suspend the rules in this case. Rule 2 states"[o]n its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs, *except as otherwise provided in Rule 26(b).*" Fed. R. App. P. 2 (emphasis added). Rule 26(b), in turn, provides that "the court may not extend the time to file . . . *a petition for permission to appeal.*" Fed. R. App. P. 26(b)(1) (emphasis added). Read together, Rules 2 and 26(b) plainly forbid us from extending the time for a petition for permission to appeal. Suspending the rules that define when a petition is timely filed would, in effect, extend the time to file the Rule 23(f) petition.

Therefore, we DENY the Petitioners' opposed motion to suspend Federal Rule of Appellate Procedure 25(a)(2)(A) and 5th Circuit Rule 26.1. We further GRANT the Respondents' opposed motion to dismiss and DISMISS the petition for permission to appeal under Federal Rule of Civil Procedure 23(f).

4