[Cite as *Wood v. Energex Power, Inc.*, 2026-Ohio-176.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DONALD E. WOOD, ET AL | Case No. CT2025-0098 |
| Plaintiffs - Appellants | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CH2024-0076 |
| ENERGEX POWER, INC. | |
| Defendant – Appellee | Judgment:  Affirmed |
| | Date of Judgment Entry: January 21, 2026 |

**BEFORE:**   WILLIAM B. HOFFMAN, P.J., ROBERT G. MONTGOMERY, KEVIN W. POPHAM, J.; Appellate Judges

**APPEARANCES:** DONALD E. WOOD, for Plaintiffs-Appellants

OPINION

*Popham, J.,*

{¶1}   Appellant Donald Wood appeals the judgment entry of the Muskingum County Court of Common Pleas.  For the reasons below, we affirm.

*Facts & Procedural History*

{¶2}   On February 22, 2024, Wood filed a complaint against Energex Power, Incorporated.  The complaint alleges that Energex is the assignee of an oil and gas lease executed in favor of Wood, and that Energex failed to pay Wood royalties pursuant to the lease agreement.  Wood stated in his complaint that he was filing the complaint on his own behalf, and on behalf of a putative class for a class action.

{¶3}    Energex did not file an answer to the complaint.  Thus, Wood filed a motion for default judgment.  The trial court granted the motion for default judgment on May 28, 2024, and entered judgment in favor of Wood against Energex.  The trial court did not determine damages but rather stated the damages would have to be determined by the amount of oil and gas produced and sold by Energex during the period of July 19, 2022, through February 22, 2024.

{¶4}    Subsequent to the trial court granting default judgment, Wood filed a motion for class certification.  The trial court granted the motion on June 9, 2024, and certified the following class: "all Ohio landowners and other persons owed royalty payments for the production of oil and gas from wells located in the State of Ohio owned and operated by the defendant during the period of July 19, 2022, to February 22, 2024."  In the entry, the trial court appointed Wood as both the class representative and as class counsel. The entry also specifically provided as follows:

Plaintiffs' Counsel shall provide a copy of the Notice forms for approval by the Court.

Plaintiffs' Counsel shall provide a list, in Excel Spreadsheet or otherwise, setting forth the names, last known addresses and other identifying information of the members of the Ohio class.

Class Members shall have sixty (60) days from the initial date when notices are mailed to opt out of the class, as explained in detail in the applicable notice.

{¶5}    Wood filed a notice of garnishment directed to Ergon Oil Purchasing, Inc. Although Ergon was not a party to the case, Wood argued Ergon was subject to

garnishment because Ergon purchased oil from Energex and was, thus, allegedly holding the funds of Wood. After Ergon failed to respond to the notice of garnishment, Wood filed a motion for contempt against Ergon, which in turn filed a motion to strike the garnishment order, vacate the contempt hearing, and quash subpoenas Wood had issued to various employees. On June 13, 2025, the trial court issued an order denying Wood's motion for contempt and granting Ergon's motion to vacate the garnishment order. The trial court also set a damages hearing on Wood's complaint for July 21, 2025. The parties requested several continuances of the damages hearing, as they indicated in their filings that they had reached a tentative resolution as to the damages amount owed to Wood, and sought additional time to finalize the settlement.

{¶6} On September 4, 2025, the trial court issued a judgment entry sua sponte decertifying the class action pursuant to Civil Rule 23(C)(1)(c). The trial court stated it was decertifying the class action because Wood, as class counsel, failed to provide a list of the class members to the court, and failed to provide proposed notice forms to the court, as ordered in the judgment entry issued on June 9, 2024.

{¶7} Wood appeals the September 4, 2025, judgment entry of the Muskingum County Court of Common Pleas, and assigns the following as error:

{¶8} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED THE DUE PROCESS RIGHTS OF THE APPELLANTS WHEN IT SUA SPONTE DECERTIFIED THE CLASS."

I.

{¶9} A trial court has broad discretion in determining whether a class action may be maintained, and such a determination will not be disturbed absent an abuse of

discretion. *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 2013-Ohio-3019, ¶ 25. An abuse of discretion is more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} There is a dearth of Ohio caselaw interpreting Ohio Civil Rule 23. However, the Supreme Court of Ohio has specifically stated that since Ohio Civil Rule 23 is modeled after Federal Rule 23, "federal law is persuasive authority when interpreting the Ohio rule." *Paul Cheatham I.R.A. v. Huntington Nat'l Bank*, 2019-Ohio-3342, ¶ 38. "Since the Ohio rule is identical to Fed.R.Civ.P. 23 … federal authority is an appropriate aid to interpretation of the Ohio rule." *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 201 (1987).

{¶11} The trial court sua sponte decertified the class pursuant to Civil Rule 23(C)(1)(c), which provides, "an order that grants or denies class certification may be altered or amended before final judgment." Thus, Rule 23 provides trial courts with broad discretion to, sua sponte, revisit class certification, including the ability to decertify. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982). A district or trial court's order granting certification "is inherently tentative." *Id.* at 160. Thus, "a trial court overseeing a class action retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment." *Weinman v. Fid. Capital Appreciation Fund*, 354 F.3d 1246, 1261 (10th Cir. 2004); *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 140 (3rd Cir. 1998); *McNamara v. Felderhof*, 410 F.3d 277, 281 (5th Cir. 2005); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litigation*, 302 F.R.D. 448, 459 (N.D. Ohio 2014); *Amgen,*

*Inc. v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. 455 at fn. 9 (class certifications "are not frozen once made").

{¶12} Wood first argues the trial court is not permitted to sua sponte decertify the class unless it finds a "significant intervening event." However, "a significant intervening event is not required for a district court to sua sponte decertify a class if it finds the class no longer meets the requirements of Rule 23." *Jianmin Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 262 (2nd Cir. 2021). Rather, the focus is on whether, at any time before final judgment is entered, the trial court "find[s] the class no longer meets the requirements of Rule 23." *Id.* at 262; *General Telephone*, 457 U.S. at 160 (district courts must ensure that a certified class satisfies Rule 23 throughout the litigation).

{¶13} Thus, we must determine: (1) if final judgment has been entered in this case and (2) whether the trial court abused its discretion in finding that a previously satisfied requirement of Rule 23 is now lacking. *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2nd Cir. 1982).

### *Final Judgment*

{¶14} Wood argues since he obtained default judgment, the trial court cannot sua sponte decertify the class. While the trial court granted Wood default judgment, the amount of damages has yet to be determined. This is evidenced by the fact that the trial court scheduled a damages hearing in the case, though it has not yet been held due to various appeals filed by Wood.

{¶15} A judgment that grants default judgment, but leaves the issue of damages undetermined is not a final, appealable order. *Snyder v. Swick*, 2009-Ohio-5142, ¶ 19; *Sylvester v. User Friendly Phone Book*, 2012-Ohio-5451, ¶ 22 (5th Dist.). Further, when

the trial court granted default judgment in this case, no class had been certified; thus, at that point, no damages could have been awarded on behalf of the class. *Partington v. Am. Int'l. Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006); *Davis v. Hutchins*, 321 F.3d 641, 648 ("class damages cannot be awarded if no class is certified"); *Davis v. Romney*, 490 F.2d 1360, 1366 (3rd Cir. 1974) ("relief cannot be granted to a class before an order has been entered determining that class treatment is proper").

{¶16} Because the trial court has not yet issued a final judgment in this case, the trial court had the discretion to monitor the appropriateness of class certification and discretion to decertify the class.

*Rule 23 Requirements*

{¶17} Wood contends the trial court failed to provide a reason as to why the class no longer met the Civil Rule 23 requirements. We disagree. The trial court stated it was decertifying the class because class counsel failed to provide a list of the class members to the court and failed to provide proposed notice forms to the court, as ordered in the June 9, 2024, judgment entry. In essence, the trial court determined that the requirements contained in Civil Rule 23 were no longer satisfied because Wood, as class counsel and/or class representative, was no longer adequately representing the class.

{¶18} Under Rule 23, to maintain a class action, class counsel must be able to fairly and adequately protect the interests of all members of the class. Civ.R. 23(a)(4); Civ.R. 23(F)(4); *Jianmin Jin*, 990 F.3d at 263 (courts have historically assessed the adequacy of class counsel under Rule 23(a)(4) even though that provision concerns the adequacy of class representatives; this rule has now been specifically codified in Civil Rule 23(F)(4)). "Where class counsel does not persist in satisfying its duty under Rule

23(g)(4) [the rule that contains the same language as Ohio Civil Rule 23(F)(4)], a district court may decertify the class if doing so would protect the class." *Wells v. Best Buy Co.*, 997 F.3d 1077, 1088 (10th Cir. 2021). Additionally, the class representative must "fairly and adequately protect the interests of the class." Civ.R. 23(a)(4).

{¶19} The adequacy requirement is satisfied if the named plaintiff and the class counsel: (1) prosecute the action vigorously on behalf of the class; and (2) do not have interests adverse to the unnamed class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). In this case, Wood, acting as both class counsel and the class representative, failed for over one year to provide the trial court with proposed class notice forms and failed to provide the trial court with a list of names and addresses of class members. Due to Wood's failure to timely provide the court with proposed notice forms and names/addresses of those in the class, we find the trial court did not abuse its discretion in finding counsel failed to prosecute the action vigorously on behalf of the unnamed class members and in finding class counsel has not fairly and adequately protected the interests of all members of the class. *Amavizca v. Nutra Mfg.*, 2021 U.S. Dist. LEXIS 207374, 11-12 (Cal. Central Dist. Ct. June 15, 2021) (no abuse of discretion in trial court decertifying class when counsel failed to timely move for approval of class notice); *Johnstone v. Ernst & Young*, 1997 U.S. App. LEXIS 20640 (4th Cir. June 16, 1997) (upholding district court's decertification after class counsel failed to provide notice to class members for over one year).

{¶20} Additionally, the relatively early posture of class certification – before the class has been identified, before any significant class discovery has been conducted, before any proposed notices have been provided to the court, and before any notices

have been sent – demonstrates that decertification will cause little to no prejudice to the absent class members.

{¶21}  We find the primary case cited by Wood is not factually analogous to this case.  In *Owner-Operator Indep. Drivers Assn. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 901-902 (S.D. Ohio 2003), the court did not review or base its decision on whether the requirements contained in Civil Rule 23 were still met.  Rather, the court denied the motion to decertify because it was essentially a motion for reconsideration.  Here, the trial court stated why the class requirements were no longer met.

{¶22}  Wood contends it is the court's job to send out notice to the class, and that he intended to propose a "settlement notice."  In his brief, Wood states that "he could have explained these facts to the court had the court inquired prior to the issuance of the order [decertifying the class]."  The problem with this argument is that the trial court made it clear in its June 9, 2024, judgment entry that Wood, as class counsel, was to provide the court with proposed notice forms and with a list of class member names and address so the court could send the notice.  While Wood may have been entitled to utilize a "settlement notice," there is no evidence in the record that he informed the court that is what he intended to do.  Wood could have avoided this issue by complying with the June 9, 2024, entry.

{¶23}  Finally, Wood contends decertification is a drastic step that must be avoided.  Although decertification is an "extreme step," a district or trial court "has no sua sponte obligation" to alter the class definition to avoid class decertification.  *U.S. Parole Comm. v. Geraghty*, 445 U.S. 388, 408 (1980).  In this case, there is no indication in the record that any significant class discovery has been undertaken, no notice has been

proposed or given, no class members have been identified, and no class members have had the opportunity to opt-out. Decertification preserves the potential class members' chance to seek redress on their claims in the future. *Mazzei v. Money Store*, 829 F.3d 260, 267 (2nd Cir. 2016).

{¶24} We find the trial court acted within its discretion in decertifying the class on the ground that class counsel did not fairly and adequately protect the interests of the class.

{¶25} Alternatively, we find the trial court did not abuse its discretion in decertifying the class because Wood is not an adequate class representative. Civil Rule 23(a)(4) provides that a representative party must "fairly and adequately protect the interests of the class."

{¶26} Caselaw is clear that an individual cannot "fairly and adequately" protect the interests of the class if he or she is also counsel for the class. *Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976). This is the case even when the plaintiff is an attorney. *Dundee v. Univ. Hosps. Corp.*, 2020 U.S. Dist. LEXIS 16166 at *7 (N.D. Ohio Jan. 17, 2020).

{¶27} The Sixth Circuit has stated, "[i]f the interests of a class are to be fairly and adequately protected, if the courts and the public are to be free of manufactured litigation, and if proceedings are to be without cloud, the roles of class representative and of class attorney cannot be played by the same person." *Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976). Because Wood, as both class representative and class attorney, is not an adequate class representative, the trial court did not abuse its discretion in decertifying

the class. *World, L.L.C. v. Atlas Choice Corp.*, 2015 U.S. Dist. LEXIS 65215 at *5-7 (N.D. Ohio May 18, 2015).

{**¶28**}  Based on the foregoing, Wood's assignment of error is overruled

For the reasons stated in our Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed.

Costs to Appellant, Donald E. Wood.

By: Popham, J.

Hoffman, P.J. and

Montgomery, J., concur