# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 12, 2009         Decided April 3, 2009

No. 08-7099

IN RE: DC WATER AND SEWER AUTHORITY,
PETITIONER

On Petition for Permission to Appeal
from the United States District Court
for the District of Columbia
(No. C-01-00561-HK)

*Allyson N. Ho* argued the cause for the petitioner. *Grace E. Speights* and *William E. Doyle, Jr.*, were on brief.

*Alexander Hillery, II*, argued the cause *pro hac vice* for the respondents.

Before: HENDERSON and TATEL, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: Petitioner DC Water and Sewer Authority (WASA) filed a petition pursuant to Federal Rule of Civil Procedure 23(f) for permission to appeal the district court's order certifying a class of WASA employees in an employment discrimination class action. Because WASA filed the petition more than sixteen months after the deadline fixed by Federal Rule of Civil Procedure 23(f), we deny the petition as untimely.

## I.

Charles Taylor filed this action on March 16, 2001, alleging WASA discriminated against the plaintiff class in hiring and promotion and seeking a declaration that WASA violated the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., along with monetary relief.  On March 13, 2007, the district court issued an order pursuant to Rule 23(b)(2) certifying for injunctive and declaratory relief "the putative class of Black employees at WASA who sought and were denied positions, career ladder promotions, or other advancement, or whose advancement was delayed, or whose compensation was otherwise affected by WASA's alleged unlawful discrimination, from October 1996 through December 2000."[1]  *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 48 (D.D.C. 2007).  On March 27, 2007, WASA moved for reconsideration of the certification order, which motion the court denied on September 13, 2007.

On April 9, 2008, WASA filed a "Motion to Clarify the Relevant Class Members for Notice Purposes," asking that "the Court grant an order holding that putative class members who were not employed by DC WASA as of March 16, 2001, the date on which Plaintiff Charles Taylor filed his original complaint, lack standing to seek injunctive and declaratory relief and therefore should be excluded from the Rule 23(b)(2) class." Defendant's Motion to Clarify, *Taylor v. D.C. Water & Sewer Auth.*, C.A. No. 01-0561 (April 9, 2008).  The district court summarily denied the motion on July 24, 2008.

On August 7, 2008, WASA filed the instant petition for permission to appeal the certification pursuant to Rule 23(f).

---

[1] Rule 23(b)(2) authorizes class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

**II.**

Rule 23(f) provides:

> **Appeals.**  A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk *within 10 days after the order is entered.* An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f) (emphasis added).  The 10-day deadline to file a petition for permission to appeal is "strict and mandatory." *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 192 (3d Cir. 2008); *see also Carpenter v. Boeing Co.*, 456 F.3d 1183, 1190 (10th Cir. 2006) ("timeliness requirement is mandatory"); *Coco v. Inc. Village of Belle Terre, N.Y.*, 448 F.3d 490, 491-92 (2d Cir. 2006) (per curiam) (requirement is "inflexible"); *Gary v. Sheahan*, 188 F.3d 891, 893 (7th Cir. 1999) (10-day limit is "essential").  Other circuits have drawn a "narrow exception to the rigid ten-day time limit," providing that "a timely-filed motion to reconsider the grant or denial of class certification tolls the ten-day time limit within which to file a petition for permission to appeal under Rule 23(f)"—or, more precisely, "postpones" or "resets" the ten-day period, which "begins anew when the district court rules on the motion to reconsider," *Gutierrez*, 523 F.3d at 192 & 193 n.4 (citing *Carpenter*, 456 F.3d at 1191-92; *McNamara v. Felderhof*, 410 F.3d 277, 281 (5th Cir. 2005); *Shin v. Cobb County Bd. of Educ.*, 248 F.3d 1061, 1064-65 (11th Cir. 2001) (per curiam); *Gary v. Sheahan*, 188 F.3d at 892).

In this case, the Rule 23(f) petition was filed on August 7, 2008, almost 17 months after the March 13, 2007 certification order.  Even were we to adopt a rule tolling the time for filing a Rule 23(f) petition pending disposition of a timely filed motion

to reconsider, the deadline would have been extended only to September 2007 when the district court denied WASA's reconsideration motion, almost one year before WASA filed its petition with this court. By any measure, then, the petition was far out of time. Notwithstanding the tardiness of its petition, WASA now argues that the Rule 23(f) filing window reopened on July 24, 2008 when the district court denied WASA's belated motion to clarify the certification order. Thus, WASA asserts, its August 7, 2008 petition for permission to appeal was timely because it was filed within ten days of the clarification denial. WASA's argument runs counter to the plain language of Rule 23(f).

The July 24, 2008 order denying WASA's motion to clarify did not restart the Rule 23(f) clock because it was not "an order granting or denying class-action certification" as the plain language of the Rule requires to open the window for an interlocutory appeal—the only such order the district court issued is the March 13, 2007 certification order, which survived the clarification order undisturbed and remains in effect.[2]  *See Gutierrez*, 523 F.3d at 193 ("[T]he ten-day period for filing either a Rule 23(f) petition or a motion to reconsider runs from

---

[2]Contrary to WASA's contention, the July 24, 2008 order's summary denial of the motion to clarify did not resolve any ambiguity in the certification order. The text of the order reads in its entirety:

> Before the court is Defendant's Motion to Clarify the Relevant Class Members for Notice Purposes [#161]. Upon consideration of the motion, the opposition thereto, and the record of this case, it is this 24th day of July 2008, hereby

> ORDERED that Defendant's Motion to Clarify the Relevant Class Members for Notice Purposes [#161] is DENIED.

Order, *Taylor v. D.C. Water & Sewer Auth*, C.A. No. 01-0561 (July 24, 2008).

the order granting or denying class certification. A later order that does not change the status quo will not revive the ten-day time limit.") (internal citation omitted); *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291-92 (11th Cir. 2007) ("[W]hat counts ordinarily is the original order denying or granting class certification, not a later order that maintains the status quo."); *Carpenter,* 456 F.3d at 1191-92 ("An order that leaves class-action status unchanged from what was determined by a prior order is not an order 'granting or denying class action certification.' "); *McNamara,* 410 F.3d at 281 ("As the district court . . . merely reaffirmed its prior ruling, the court's order was not 'an order . . . granting or denying class action certification' under Rule 23(f)." (second alteration in *McNamara*)).[3] To hold otherwise would leave Rule 23(f)'s deadline toothless, for any party could then cause the clock to restart at any time simply by filing a pleading styled as a "motion to clarify."[4] *Cf. Gary v. Sheahan*, 188 F.3d at 893 ("[A] motion to reconsider filed more than ten days after the order is too late to preserve the possibility of appeal under Rule 23(f), and we do not think that it matters what caption the litigant places on the motion to reconsider. This case demonstrates why that limit is essential. Otherwise, by styling a motion to reconsider as a motion to decertify the class,

---

[3]WASA's reliance on the Ninth Circuit's unpublished opinion in *Bonlender v. Am. Honda Motor Co.*, 286 Fed. Appx. 414 (9th Cir. 2008), is misplaced. In *Bonlender*, the court found timely a Rule 23(f) petition which was filed within ten days after an order clarifying a class certification order and "resolv[ing] a genuine ambiguity in the original order." 286 Fed. Appx. at 414. The district court's denial of clarification in this case had no such effect. *See supra* note 2.

[4]Equally unfounded is WASA's curious assertion that this court has independent appellate jurisdiction, apart from Rule 23(f), to determine whether the plaintiff class members have standing so as to confer jurisdiction on the district court. *See* Pet'r Br. at 14-17.

a litigant could defeat the function of the ten-day line drawn in Rule 23(f).").

Courts generally disfavor interlocutory appeals because they disrupt ongoing trial court proceedings and squander resources. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 105 (D.C. Cir. 2002) ("[I]nterlocutory appeals are generally disfavored as 'disruptive, timeconsuming, and expensive' for both the parties and the courts, and the more so in a complex class action where the district court may reconsider and modify the class as the case progresses." (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000))); Fed. R. Civ. P. 23(f) advisory committee notes (1998 amendments) ("The 10-day period for seeking permission to appeal is designed to reduce the risk that attempted appeals will disrupt continuing proceedings."); *Jenkins*, 491 F.3d at 1290 ("The Committee Notes . . . explain that the ten-day deadline provides a single window of opportunity to seek interlocutory review, and that window closes quickly to promote judicial economy."). In its dogged pursuit of an interlocutory appeal—based on the most tenuous (if not untenable) grounds—WASA has both disrupted the class action proceeding in the district court and wasted the resources of the parties and the court. We find it troubling that WASA and its lawyers would file—and attempt to justify—such a blatantly untimely petition. *See* Fed. R. App. P. 38; *SEC v. Loving Spirit Found., Inc.*, 392 F.3d 486 (D.C. Cir. 2004) (appeal from blatantly untimely motion so frivolous as to justify sanctions under Fed. R. App. P. 38).

For the foregoing reasons, the petition is denied.

*So ordered.*