10-0846-mv
Fleischman et al. v. Albany Med. Ctr. et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2009

Submitted: June 15, 2010                    Decided: May 3, 2011

Docket No. 10-0846-mv

———————————————————

WENDY FLEISCHMAN, CINDY CULLEN,
on behalf of themselves and all others similarly situated,

*Petitioners*,

-v.-

ALBANY MEDICAL CENTER, ELLIS HOSPITAL, NORTHEAST HEALTH, SETON
HEALTH SYSTEM, ST. PETER'S HEALTH CARE SERVICE,

*Respondents*.

———————————————————

Before:        KEARSE, LEVAL, and LIVINGSTON, *Circuit Judges*.

Petition for leave to appeal from an order of the United States District Court for the Northern District of New York (McAvoy, *J.*). Petitioners argue that the district court erroneously denied their motion to amend a partial grant of class certification. We dismiss the petition on the ground that petitioners have not filed a timely petition with respect to an order reviewable pursuant to Rule 23(f).

DAVID P. DEAN, James & Hoffman, P.C., Washington, D.C. (Daniel A. Small, Cohen Milstein Sellers & Toll, PLLC, Washington, D.C., *on the brief*), *for Petitioners*.

DAVID MARX, JR., McDermott Will & Emery LLP, Chicago, IL, *for Respondent Albany Medical Center*.

WILLIAM E. REYNOLDS, Bond Schoeneck & King PLLC, Albany, NY, *for Respondent Ellis Hospital*.

PER CURIAM:

Pursuant to Federal Rule of Civil Procedure 23(f), petitioners Wendy Fleischman and Cindy Cullen petition for leave to appeal from an order of the United States District Court for the Northern District of New York (McAvoy, *J.*), entered February 16, 2010, denying their motion to amend or alter a previously entered partial grant of class certification. Petitioners argue on appeal that the district court erred in refusing to recognize evidentiary developments warranting an amendment. Because this petition was filed more than eighteen months after Rule 23(f)'s deadline for interlocutory appeals, we dismiss it on the ground that petitioners have not filed a timely petition with respect to an order reviewable pursuant to Rule 23(f).

**BACKGROUND**

On June 20, 2006, Marjory Unger, a registered nurse ("RN"), filed a complaint "on behalf of herself and all others similarly situated," alleging that various hospital owners and operators in the Albany-Schenectady-Troy metropolitan area had conspired to depress the compensation of RNs in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. An amended complaint, filed in March 2007, substituted petitioners Wendy Fleischman and Cindy Cullen, also RNs employed in the region, as representative plaintiffs.[1] The amended complaint named Albany Medical Center, Ellis

---

[1] By order dated March 30, 2007, Marjory Unger was terminated as a representative plaintiff but remained as a member of the putative class.

2

Hospital, Northeast Health, Seton Health System, and St. Peter's Health Care Service ("respondents") as defendants.

Following the completion of class discovery, which was bifurcated from merits discovery pursuant to the order of a magistrate judge, petitioners moved under Federal Rule of Civil Procedure 23 to certify a class of "[a]ll persons employed by any defendant or co-conspirator to work in a hospital in the Albany [metropolitan area] as an RN at any time from June 20, 2002 until the present." Pet'rs' Mem. in Supp. of Mot. for Class Certification 5. They estimated that approximately 2,300 individuals would comprise this class. In an order entered on July 28, 2008, the district court granted petitioners' class certification motion in part. The district court determined that, while petitioners had satisfied their burden with respect to the requirements of Rule 23(a), they had not entirely met their burden with respect to the predominance requirement of Rule 23(b)(3).[2] *See* Fed. R. Civ. P. 23(b)(3). Noting that the three elements of an antitrust claim are: 1) a violation of antitrust law; 2) injury and causation; and 3) damages, *see In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001), the court determined that petitioners had asserted a common violation of antitrust law among all members of the proposed class, and had alleged an injury of the type that the antitrust laws were intended to prevent. However, the issues of injury-in-fact and damages, in the district court's view, were insufficiently common among the proposed class members. The district court thus concluded that these issues should be considered separately.

---

[2] Rule 23(a) permits a class action "only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Rule 23(b)(3), pursuant to which petitioners sought class action certification, requires the district court to find, in relevant part, that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

3

Respondents subsequently moved for reconsideration to clarify the district court's order as to whether it had certified a class on the second count of the complaint.[3] On September 17, 2008, the district court granted the motion for purposes of clarification and certified the same issues for the second count that it had certified for the first. The parties then proceeded to the merits portion of discovery.

Upon completion of discovery, petitioners moved to amend the class certification order pursuant to Rule 23(c)(1)(C). Based on the expert reports of their economists, petitioners sought certification of "the issues of impact and damages, but solely as to a narrower class of registered nurses . . . that includes only the core group of Staff Registered Nurses." On February 16, 2010, the district court entered an order denying the motion. It concluded that petitioners had not presented new facts, but rather a new methodology for assessing the facts that "relie[d] on information that was readily available to Plaintiffs at the time of the initial motion." Such a "change in methodology," according to the court, did not "constitute the requisite changed circumstances" to merit amending the certification. In addition, the court found that petitioners had not shown that common proof could be used to show injury in fact and damages, even for the proposed smaller class. Pursuant to Rule 23(f), petitioners filed a petition with this Court, seeking leave to appeal the denial of their motion.

**DISCUSSION**

Rule 23(f), which governs interlocutory appeals from "order[s] granting or denying class-

---

[3] The second count of petitioners' complaint alleged a conspiracy to exchange information in violation of the Sherman Act, 15 U.S.C. § 1.

action certification," provides that this Court may permit such an appeal "if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered."[4] Fed. R. Civ. P. 23(f). Here, as calculated from the initial partial grant of class certification, or from the decision on the motion to reconsider, the petition for leave to appeal was filed well outside the limitations period. It was filed, however, within fourteen days of the district court's denial of the motion to amend the class certification. The question presented by this case is whether such a denial constitutes "an order granting or denying class-action certification" for purposes of Rule 23(f). We hold that it does not.

It is well-established that Rule 23(f)'s fourteen day filing requirement is a rigid and "inflexible" restriction.[5] *Coco v. Inc. Vill. of Belle Terre, N.Y.*, 448 F.3d 490, 491-92 (2d Cir. 2006) (per curiam); *see also Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 192 (3d Cir. 2008) (characterizing the time limit as "strict and mandatory"); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1190 (10th Cir. 2006). Rule 23(f)'s "window of review is deliberately small," *Gary v. Sheahan*, 188 F.3d 891, 893 (7th Cir. 1999), and is "designed to reduce the risk that attempted appeals will disrupt continuing proceedings," Fed. R. Civ. P. 23(f) Advisory Comm. Notes (1998 amends.). Indeed, this Court is expressly barred from extending the time to file a petition for permission to appeal, *see* Fed.

---

[4] Prior to December 1, 2009, Rule 23(f) provided for a filing period of ten days rather than fourteen; this period, however, did not include intermediate holidays and weekends. *See, e.g.*, *Gary v. Sheahan*, 188 F.3d 891, 893 (7th Cir. 1999) (discussing Rule 23(f)'s then-extant filing period of ten days, and noting that "weekends and holidays do not count when a time limit prescribed by the civil rules is ten days or fewer").

[5] This Court has previously declined to rule on the question whether Rule 23(f)'s filing period is jurisdictional or merely claims-processing (and thus waivable). *See Coco v. Inc. Vill. of Belle Terre, N.Y.*, 448 F.3d 490, 491-92 (2d Cir. 2006) (per curiam). Because respondents have properly objected to the timeliness of the petition, *see* Resp'ts' Answer 9-11, the issue need not be decided here, and we do not reach it.

R. App. P. 26(b)(1), and may permit appeal only from an order "granting or denying class-action certification," Fed. R. Civ. P. 23(f). We conclude that construing Rule 23(f) to authorize us to permit interlocutory appeal of the denial of a motion to amend a class certification order, at least when such a motion is filed outside the fourteen-day window, would eviscerate its deliberate and tight restriction on interlocutory appeals. We decline to adopt such a construction.

Construing the Rule as petitioners urge would be contrary to Rule 23(f)'s aim of providing an opportunity for interlocutory appeal, but confining that opportunity within narrow limits, so as to avoid disruption and delay to the proceedings below. If denial of amendment to an order granting class certification were sufficient to reset the clock for appeal, a litigant could easily circumvent Rule 23(f)'s deadline by filing a motion to amend or decertify the class at any time after the district court's original order, then petitioning for leave to appeal within fourteen days from the denial of that motion. Indeed, this case aptly demonstrates why Rule 23(f)'s limit is essential. Here, petitioners seek to take an interlocutory appeal more than *eighteen months* after the original decision by the district court to certify the class in part. We decline to render a holding that would "leave Rule 23(f)'s deadline toothless," *In re DC Water & Sewer Auth.*, 561 F.3d 494, 496-97 (D.C. Cir. 2009).

We conclude that an interlocutory appeal pursuant to Rule 23(f) may not properly be taken from an order denying amendment to a previous order granting class certification, at least when the motion to amend is filed more than fourteen days after the original order granting class certification.[6]

---

[6] We note that some of our sister circuits have recognized a narrow exception to the fourteen-day rule, concluding that when a motion to reconsider a certification order is filed within the period in which a Rule 23(f) petition would have been timely, the fourteen-day limit does not begin to run until the date of the district court's ruling on the motion to reconsider. *See, e.g.*, *Gutierrez*, 523 F.3d at 192 & 193 n.4; *McNamara v. Felderhof*, 410 F.3d 277, 281 (5th Cir. 2005). Because the petition

In so concluding, we join several of our sister circuits, who have unanimously pronounced on the question. *See In re DC Water & Sewer Auth.*, 561 F.3d at 496 (concluding that the "plain language" of Rule 23(f) requires an order granting or denying class certification "to open the window for an interlocutory appeal"); *Gutierrez*, 523 F.3d at 193 (holding that Rule 23(f)'s time limit "runs from the order granting or denying class certification," and that "[a] later order that does not change the status quo will not revive the . . . time limit"); *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291-92 (11th Cir. 2007) ("[W]hat counts ordinarily is the original order denying or granting class certification, not a later order that maintains the status quo."); *Carpenter*, 456 F.3d at 1191 ("An order that leaves class-action status unchanged from what was determined by a prior order is not an order 'granting or denying class-action certification.'"); *McNamara*, 410 F.3d at 280 (holding that a Rule 23(c)(1)(C) motion to amend a class certification order "has no bearing on the time limit prescribed in Rule 23(f)").

**CONCLUSION**

For the foregoing reasons, the petition for leave to appeal is **DISMISSED**.

---

in this case was filed well after fourteen days from the district court's decision on both the original certification order and respondents' motion to reconsider, we need not address the question whether a motion to amend filed within fourteen days of an order certifying a class can toll the clock for purposes of Rule 23(f).