FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| TROY LAMBERT, on Behalf of Themselves and All Others Similarly Situated, *Plaintiff-Appellant*, v. NUTRACEUTICAL CORP., *Defendant-Appellee.* | No. 15-56423 D.C. No. 2:13-cv-05942-AB-E OPINION |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Argued and Submitted March 9, 2017
Pasadena, California

Filed September 15, 2017

Before: Richard A. Paez, Marsha S. Berzon,
and Morgan Christen, Circuit Judges.

Opinion by Judge Paez

## SUMMARY[*]

**Fed. R. Civ. P. 23(f) & 23(b)(3) / Class Certification**

The panel concluded that plaintiff's Fed. R. Civ. P. 23(f) petition for class certification was timely filed with this court; reversed the district court's order decertifying the class; and remanded for further proceedings.

Rule 23(f) governs interlocutory appeals of "order[s] granting or denying class-action certification," and requires that a petition for permission to appeal be filed "within 14 days after the order is entered." Fed. R. Civ. P. 23(f). The plaintiff filed his motion for reconsideration twenty days after the district court decertified the class.

The panel held that the fourteen-day Rule 23(f) deadline was not jurisdictional. Specifically, the panel that under *Bowles v. Russell*, 551 U.S. 205 (2007), and *Eberhart v. United States*, 546 U.S. 12 (2005), the Rule 23(f) deadline was not jurisdictional because it was procedural, did not remove a court's authority over subject matters or persons, and was in the Federal Rules of Civil Procedure, rather than in a statute.

The panel held that because the Rule 23(f) deadline was not jurisdictional, equitable exceptions, such as tolling, might apply. The panel also held that a motion for reconsideration filed within the Rule 23(f) deadline would toll the deadline.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the Rule 23(f) deadline could be tolled as a result of additional equitable circumstances. The panel further held that a number of equitable factors supported tolling the Rule 23(f) deadline. The panel held that because plaintiff informed the court orally of his intention to seek reconsideration of the decertification order and the basis for his intended filing within fourteen days of the decertification order and otherwise acted diligently, and because the district court set the deadline for filing a motion for reconsideration with which plaintiff complied, the Rule 23(f) deadline should be tolled. The panel noted that other circuits would likely not toll the Rule 23(f) deadline in this case, and would only allow tolling when the motion for reconsideration was filed within the fourteen-day period. The panel concluded that plaintiff's Rule 23(f) petition was timely filed in this court.

Turning to the merits of the certification petition, the panel held that the district court abused its discretion in decertifying the class on the basis of plaintiff's inability to prove restitution damages through the full refund model. Plaintiff brought his consumer class action under Fed. R. Civ. P. 23(b)(3), which requires that a plaintiff show a class wide method for damages calculations as a part of the assessment of whether common questions predominate over individual questions. The full refund model measures damages by presuming a full refund for each customer, on the basis that the product has no, or only a de minimis, value. The panel held that because plaintiff's damages model matched his theory of liability, and because plaintiff had shown that his damages model was supportable on evidence that could be introduced at trial, the class should not have been decertified. The panel further held that whether plaintiff could prove damages to a reasonable certainty on the basis of his full

refund model was a question of fact that should be decided at trial on remand.

## COUNSEL

Gregory Weston (argued) and David Elliott, The Weston Firm, San Diego, California; Ronald A. Marron, The Law Offices of Ronald A. Marron APLC, San Diego, California; for Plaintiff-Appellant.

Steven N. Feldman (argued) and John C. Hueston, Hueston Hennigan LLP, Los Angeles, California; Jon F. Monroy, Monroy Averbuck & Gysler, West Lake Village, California; for Defendant-Appellee.

## OPINION

PAEZ, Circuit Judge:

Federal Rule of Civil Procedure 23(f) allows a litigant to seek an interlocutory appeal of a district court's order granting or denying class certification. This case is about whether and when the fourteen-day Rule 23(f) deadline may be tolled. In a matter of first impression for this court, we hold that the Rule 23(f) deadline is not jurisdictional, thus equitable exceptions apply. We therefore hold that a motion for reconsideration filed within the Rule 23(f) deadline will toll the deadline. Parting ways with some of our sister circuits, we further hold that additional equitable circumstances may also warrant tolling. As a result, we hold that the Rule 23(f) deadline was tolled here, when counsel for the lead plaintiff, within fourteen days of the district court's

decertification order, informed the court of his intention to seek reconsideration, explained his reasons for doing so, and the court set a date for filing the motion with which counsel complied. As for the merits of the Rule 23(f) petition, we hold that the district court abused its discretion in decertifying the class, and therefore reverse and remand.

## I.

Lambert purchased "Cobra Sexual Energy," an alleged aphrodisiac dietary supplement manufactured and marketed by Nutraceutical, which the Food and Drug Administration ("FDA") had not approved. Labels on Cobra Sexual Energy boasted that it contained performance-enhancing herbs that would provide users with "animal magnetism" and "potency wood." On the basis of these labels, Lambert believed that the product would enhance his sexual performance and increase the frequency with which he could engage in sexual activity. Had he known that the labels' claims were false, he would not have purchased the product.

According to Lambert, Cobra Sexual Energy violated the FDA's aphrodisiac drug rule because it claimed to increase sexual desire but had not been through clinical testing, as required by 21 C.F.R. § 310.528(c); nor had it received FDA approval, as required by 21 C.F.R. § 310.528(b). The product also failed to display prominently a disclaimer that it had not been evaluated by the FDA, in alleged violation of 21 U.S.C. § 343(r)(6)(C). Moreover, Lambert alleges that the supplement contained an ingredient, yohimbe, which is dangerous for certain persons in certain doses, yet the product label contained no warning of that risk.

Lambert brought a consumer class action for violations of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §17200 et seq.), False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500 et seq.), and Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750 et seq.). Lambert brought his class action under Federal Rule of Civil Procedure 23(b)(3), which provides that a class may be certified if "questions of law or fact common to class members predominate over any questions affecting only individual members."

The district court initially granted class certification on the basis of the full refund damages model. That model applies when a product is shown to be worthless, and damages may be calculated by multiplying the average retail price by the number of units sold. In granting class certification, the district court concluded that Lambert put forth a "tenable theory that monetary relief can be ascertained on a classwide basis . . . [that] can be readily calculated using Defendant's sales numbers and an average retail price." The case was subsequently reassigned to a different district judge because the original judge retired. Discovery proceeded and closed. Nutraceutical then filed a motion for decertification of the class, upon which the newly assigned district judge held a hearing.

On February 20, 2015, the district court granted the motion to decertify. The district court found that Lambert's full refund damages model was "consistent with his theories of liability." The court proceeded to find, however, that Lambert "failed to provide the key evidence necessary to apply his classwide model for damages," so common issues did not predominate. The district court required Lambert to

provide the actual average retail price, and Lambert had provided only the suggested retail price.

During a March 2, 2015 status conference, ten days after the order decertifying the class, Lambert informed the court of his intention to file a motion for reconsideration. Counsel explained that he had a damages model and evidentiary support for it. The district court instructed Lambert to file the motion for reconsideration within ten days—i.e., within twenty days in total from the order decertifying the class.

As directed by the district court, ten days later, on March 12, 2015, Lambert moved for reconsideration and asked for recertification. In his motion for reconsideration, Lambert pointed to evidence he had presented in his class certification motion showing that the suggested retail price could be used in conjunction with other evidence to establish the full refund damages model. Lambert also argued for the first time that, as an alternative, he could prove damages through non-restitutionary disgorgement.

The district court denied Lambert's motion for reconsideration three months later. The court rejected Lambert's contention that the average retail price could be calculated from the suggested retail price. The district court also rejected Lambert's non-restitutionary disgorgement argument, reasoning that he waived it by presenting it for the first time in his motion for reconsideration. The court proceeded to hold that even if Lambert had not waived the non-restitutionary disgorgement argument, it was improper under California law, as restitution should be measured by what the plaintiffs lost, not by what the defendants gained; in other words, the district court held, non-restitutionary

disgorgement is not available under California law.**[1]**   In addition to declining to recertify the class, the order set forth a plan for notifying the class regarding decertification.

Within fourteen days of the order denying his motion for reconsideration, Lambert filed in this court a Rule 23(f) petition for permission to appeal the district court's orders granting the motion for class decertification and denying the motion for reconsideration.   Upon the filing of that petition, the district court stayed proceedings pending appeal.   A motions panel of this court conditionally granted Lambert's Rule 23(f) petition, instructing the parties "[i]n addition to all other issues the[y] wish to raise in their briefs in the appeal, [to] . . . address the timeliness of this petition."

## II.

Because the motions panel only conditionally granted the petition and referred the issue of timeliness to this panel, we review de novo its timeliness.  *See Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1045–46 (9th Cir. 2015) (reviewing the timeliness of a Rule 23(f) petition after the petition was conditionally granted by a motions panel).

As to the merits of the petition, we review the district court's class decertification ruling for an abuse of discretion. *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 984 (9th Cir. 2015); *Yokoyama v. Midland Nat'l Life Ins. Co.*,

---

**[1]** While non-restitutionary damages refer to the defendant's revenues regardless of the plaintiff's relationship to those damages, restitutionary damages refer to the portion of the defendant's revenues over which the plaintiff has some ownership claim.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 941 (Cal. 2003).

594 F.3d 1087, 1090–91 (9th Cir. 2010). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc) (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990)). We review findings of fact in the class certification determination for clear error. *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013).

## III.

Rule 23(f) governs interlocutory appeals of "order[s] granting or denying class-action certification." Fed. R. Civ. P. 23(f). The Rule requires that a petition for permission to appeal be filed "within 14 days after the order is entered." *Id.* Rule 23(f) is silent as to the effect of motions for reconsideration on this deadline. Here, the district court decertified the class on February 20, 2015. Lambert's Rule 23(f) petition, however, was not filed until June 24, 2015, fourteen days after the court denied his motion for reconsideration. Under the plain text of Rule 23(f), Lambert's petition would be untimely because it was not filed within fourteen days of the district court's initial order decertifying the class. In other words, unless an exception applies, Lambert's Rule 23(f) petition would be barred.

To determine whether Lambert's Rule 23(f) petition is timely, we must first determine whether Rule 23(f) is jurisdictional. We conclude that it is non-jurisdictional, and that equitable remedies softening the deadline are therefore generally available. Specifically, we hold that a motion for reconsideration filed within fourteen days of the certification order tolls the Rule 23(f) deadline. We also hold that the

deadline can be tolled as a result of additional equitable circumstances. In light of the circumstances in this case, we conclude that the Rule 23(f) deadline was tolled and deem Lambert's petition timely.

## A.

We turn first to whether the fourteen-day deadline in Rule 23(f) is jurisdictional. Two Supreme Court cases primarily guide our inquiry. In *Eberhart v. United States*, the Court held that a deadline in the Federal Rules of Criminal Procedure was not jurisdictional because it was a procedural claim-processing rule, as opposed to a rule that delineated the classes of cases or persons within a court's adjudicatory authority. 546 U.S. 12, 15–16 (2005). Several years later, the Court held in *Bowles v. Russell* that deadlines contained in statutes are jurisdictional, but non-statutory deadlines, such as those in the Federal Rules of Civil or Criminal Procedure, may instead be procedural "claims-processing" rules. 551 U.S. 205, 211–14 (2007).

We have not yet had occasion to apply these cases to Rule 23(f). We have, however, concluded that an immigration regulation requiring a petitioner to file his notice of appeal with the Board of Immigration Appeals within thirty days of the immigration judge's adverse ruling is not jurisdictional because it is regulatory, rather than statutory. *Irigoyen-Briones v. Holder*, 644 F.3d 943, 948–49 (9th Cir. 2011). In *Irigoyen-Briones*, we also noted that the regulatory provision that contained the deadline did not use the word "jurisdiction," and that the Supreme Court had narrowly defined jurisdictional rules as those that remove a court's authority to hear a case. *Id.*

The Third Circuit has had occasion to consider the jurisdictional nature of Rule 23(f). In *Gutierrez v. Johnson & Johnson*, the Third Circuit held that in light of *Bowles*, the Rule 23(f) deadline is not jurisdictional because it is set forth in a rule promulgated by the Supreme Court, not a statute enacted by Congress. 523 F.3d 187, 197–98 (3d Cir. 2008). Other circuits have likewise suggested that the Rule 23(f) deadline is not jurisdictional. *See, e.g.*, *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1190 n.1 (10th Cir. 2006) (noting that although the court had previously held Rule 23(f) to be jurisdictional, *Eberhart* "casts doubt" on that notion); *Coco v. Inc. Vill. of Belle Terre, N.Y.*, 448 F.3d 490, 491–92 (2d Cir. 2006) (declining to decide whether Rule 23(f) is jurisdictional, but noting that *Eberhart* "calls the jurisdictional nature of Rule 23(f) into question").

We conclude that under *Bowles* and *Eberhart*, the Rule 23(f) deadline is not jurisdictional because it is procedural, does not remove a court's authority over subject matters or persons, and is in the Federal Rules of Civil Procedure, rather than in a statute.

## B.

Because the Rule 23(f) deadline is not jurisdictional, equitable exceptions, such as tolling, may apply.[2] When deadlines are not jurisdictional, courts may apply judicial equitable exceptions to avoid or soften the time limitations. *Bowles*, 551 U.S. at 211–14; *Gutierrez*, 523 F.3d at 197 ("The

---

[2] Equitable exceptions include tolling, the unique circumstances doctrine, and others. *See Gutierrez*, 523 F.3d at 197. Because we resolve this case on the basis of tolling, we need not address the unique circumstances doctrine.

import of this distinction between jurisdictional and non-jurisdictional rules, according to the Supreme Court, is that courts cannot create equitable exceptions to jurisdictional time limits.").

Equitable exceptions arise from the "traditional power of the courts to apply the principles . . . of equity jurisprudence. The classic example is the doctrine of equitable tolling, which permits a court to pause a statutory time limit when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Cal. Pub. Emps. Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2051 (2017) (citations and internal quotation marks omitted). "At bottom, the purpose of equitable tolling is to 'soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having [her] day in court.'" *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (alteration in original) (quoting *United States v. Buckles*, 647 F.3d 883, 891 (9th Cir. 2011)).

## C.

All circuits to consider tolling the Rule 23(f) deadline have held that the deadline may be tolled when a litigant files a motion for reconsideration within the fourteen-day deadline.[3] These circuits have reasoned, for example, that

---

[3] *See Gutierrez*, 523 F.3d at 193 (holding that "for the purpose of tolling the time within which to file a Rule 23(f) petition, a 'timely' motion to reconsider is one that is filed within the [fourteen]-day period set forth in Rule 23(f)"); *Nucor Corp. v. Brown*, 760 F.3d 341, 343 (4th Cir. 2014) (stating that a motion for reconsideration filed within fourteen days of the order granting or denying class certification can toll a Rule 23(f) deadline); *Fleischman v. Albany Med. Ctr.*, 639 F.3d 28, 31–32 (2d Cir. 2011) (same with respect to a motion to amend); *In re DC Water &*

"federal courts long have held that a motion for reconsideration tolls the time for appeal, provided that the motion is made within the time for appeal." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 837 (7th Cir. 1999). We agree, and therefore hold, as a baseline matter, that a motion for reconsideration filed within fourteen days of a certification decision tolls the Rule 23(f) deadline.

## D.

Of course, in this case, that holding does not end the inquiry. Lambert did not file his motion for reconsideration until *twenty* days after the district court decertified the class. We nonetheless hold that Lambert is entitled to tolling given the history of this case.

Equitable exceptions such as tolling are meant to allow a "a good faith litigant" to have "[her] day in court." *Rudin*, 781 F.3d at 1055 (alteration in original) (internal quotation marks omitted). Accordingly, in determining when equitable circumstances beyond a motion for reconsideration filed within the fourteen day Rule 23(f) deadline can toll that deadline, we look to equitable factors such as whether the litigant "pursued his rights diligently," and whether external circumstances, such as a deadline imposed by the district

---

*Sewer Auth.*, 561 F.3d 494, 496 (D.C. Cir. 2009) (same with respect to a motion for reconsideration); *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291–92 (11th Cir. 2007) (same); *Carpenter*, 456 F.3d at 1190–92 (same); *McNamara v. Felderhof*, 410 F.3d 277, 281 (5th Cir. 2005) (same); *Gary v. Sheahan*, 188 F.3d 891, 892 (7th Cir. 1999) (same); *Shin v. Cobb Cty. Bd. of Educ.*, 248 F.3d 1061, 1064 n.1 (11th Cir. 2001) (same); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 836–37 (7th Cir. 1999) (same).

court,[4] affected the litigant. *Cal. Pub. Emps. Ret. Sys.*, 137 S. Ct. at 2050.

We also look, as a factor, to whether a litigant took some other action similar to filing a motion for reconsideration within the fourteen-day deadline, such as a letter or verbal representation conveying an intent to seek reconsideration and providing the basis for such action. We are not alone in considering this as a factor. In *McNamara v. Felderhof*, the Fifth Circuit considered whether tolling of Rule 23(f)'s deadline was available when a litigant stated in a court filing that he would seek reconsideration of certification within fourteen days, but did not file a formal motion for reconsideration within that time. 410 F.3d 277, 279–80 (5th Cir. 2005). The Fifth Circuit concluded that a "Trial and Case Management Plan" ("the Plan") could toll the Rule 23(f) filing deadline. *Id.* The Plan specifically sought "revisitation and modification" of the class certification ruling. *Id.* at 280 (internal quotation marks omitted). The Fifth Circuit reasoned that the Plan should be considered a motion for

---

[4] Petitions for certiorari in the Supreme Court provide a useful analogy. The advisory committee notes to Rule 23(f) provide that "[t]he court of appeals is given unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari." Fed. R. Civ. P. 23(f) advisory committee's note to 1998 amendment. In discussing the timeliness of a Rule 23(f) petition, the Eleventh Circuit cited the advisory committee's certiorari analogy. *Jenkins*, 491 F.3d at 1290; *cf. Blair*, 181 F.3d at 833–34 (looking to petitions for certiorari to determine substantive standards for Rule 23(f)). Petitions for certiorari must be filed within ninety days, but may be filed later when a timely petition for rehearing is granted or when the court of appeals entertains an untimely petition for rehearing. Sup. Ct. R. 13(1), (3). By analogy, much like the courts of appeals' authority to affect the Supreme Court's certiorari petition deadline, district courts have authority to affect the Rule 23(f) deadline.

reconsideration for tolling purposes because it "called into question the correctness of the district court's [certification] order." *Id.* The Fifth Circuit also reached this conclusion because it "d[id] not read Rule 23(f) as so limiting in nature."[5] *Id.* The Seventh Circuit has stated, similarly, that it does not "matter[] what caption the litigant places on the motion to reconsider." *Gary v. Sheahan*, 188 F.3d 891, 893 (7th Cir. 1999). Accordingly, an important factor in the tolling analysis is whether the litigant provided, within the Rule 23(f) deadline, notice of the intent to seek reconsideration.

Here, a number of equitable factors support tolling the Rule 23(f) deadline. Lambert clearly conveyed his intention to file a motion for reconsideration seeking recertification on the tenth day after entry of the order decertifying the class. At a status conference, Lambert specifically informed the court of his intention to seek recertification and briefly explained his reasons for doing so. The district court then instructed Lambert to file his motion within ten days, which allotted him twenty days in total from the decertification order. The district court imposed the deadline after an exchange with Lambert's counsel as to whether it was reasonable. Lambert complied, and filed his motion for reconsideration within the period set by the district court. Lambert also filed the Rule 23(f) petition within fourteen days after the district court denied the motion for reconsideration. We hold that because Lambert informed the court orally of his intention to seek reconsideration of the decertification order and the basis for his intended filing within fourteen days of the decertification order and

---

[5] *McNamara* ultimately dismissed the petition as untimely because the Plan was not filed within the Rule 23(f) deadline.

otherwise acted diligently, and because the district court set the deadline for filing a motion for reconsideration with which Lambert complied, the Rule 23(f) deadline should be tolled.

We recognize that other circuits would likely not toll the Rule 23(f) deadline in Lambert's case. To the extent other circuits limit Rule 23(f) tolling only to the circumstance where a motion for reconsideration is filed within fourteen days of the certification order, we part ways with them. Other circuits have, for example, held that a motion for reconsideration filed more than fourteen days after a certification order will not toll the deadline even when the district court set or influenced that deadline. In a case in which a district court extended the time to file a motion for reconsideration well beyond the Rule 23(f) deadline, the Third Circuit held that even if a motion for reconsideration is timely for the district court's purposes, it is untimely if it is filed outside of Rule 23(f)'s fourteen-day period. *Gutierrez*, 523 F.3d at 193 n.5 ("[A] motion to reconsider that is filed more than [fourteen] days after an order granting or denying class certification will not toll the time to file a 23(f) petition, even if the motion is 'timely' as defined by the district court's rules or its scheduling order."); *see also Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1289 (11th Cir. 2007) (providing that a district court cannot manipulate the timeliness of a Rule 23(f) petition by vacating and reentering the order denying class certification to make it timely); *Delta Airlines v. Butler*, 383 F.3d 1143, 1145 (10th Cir. 2004) (holding that even if a district court extended the time to file a Rule 23(f) petition, this could not toll the fourteen-day period because the district court lacked such authority). Similarly, the Third Circuit held that an informal letter to the district court conveying an intent to seek reconsideration of a certification decision filed within

fourteen days would not toll the time to file a Rule 23(f) petition, because it did not specifically request certification nor provide reasons why the certification order was wrong. *Gutierrez*, 523 F.3d at 194–95.

The reasons offered by other circuits for strictly limiting the availability of Rule 23(f) tolling, by only allowing for tolling when a motion for reconsideration is filed within the fourteen-day period, are not persuasive.

First, the fourteen-day deadline is for filing a Rule 23(f) petition, not for filing a motion for reconsideration in federal court. Thus, the fourteen-day limitation on tolling has no basis in Rule 23 or any other Rule, but instead is a judicial construct. Litigants have no reason to know that their deadline for filing a motion for reconsideration is effectively fourteen days, rather than whatever the district judge has ordered.

Second, those circuits that have strictly construed the Rule 23(f) fourteen-day deadline have reasoned that Rule 23(f) petitions slow down litigation, are disruptive, and inject uncertainty into class action litigation.[6] For example, the

---

[6] In defining the substantive standards of Rule 23(f), we adopted much of the reasoning discussed by other circuits with respect to timing:

> First, the rule provides a mechanism through which appellate courts, in the interests of fairness, can restore equilibrium when a doubtful class certification ruling would virtually compel a party to abandon a potentially meritorious claim or defense before trial. And second, the rule furnishes an avenue . . . [to] take earlier-than-usual cognizance of important, unsettled legal questions, thus contributing to both the orderly progress

District of Columbia Circuit explained that "[c]ourts generally disfavor interlocutory appeals because they disrupt ongoing trial court proceedings and squander resources." *In re DC Water & Sewer Auth.*, 561 F.3d 494, 497 (D.C. Cir. 2009); *see also Shin v. Cobb Cty. Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001) (describing Rule 23(f) petitions as "an avenue of last resort" and "inherently disruptive, time-consuming, and expensive"). The Third Circuit in *Gutierrez* explained that, as a result, the Rule 23(f) deadline is purposely short, to "ensure that interlocutory appeals of class certification decisions are heard and decided in a timely manner, so as not to disrupt the proceedings at the district court level." 523 F.3d at 199 (citing Fed. R. Civ. P. 23(f) advisory committee's note to 1998 amendment). The Eleventh Circuit has expressed concern that appellate court review generally takes more time than disposition by a trial court. *Shin*, 248 F.3d at 1064. Moreover, the Seventh Circuit explained that because class certification can have major consequences for litigation strategies and resources, and for the possibility of settlement, allowing for only one short window of review "permit[s] the parties to proceed in confidence about the scope and stakes of the case." *Sheahan*, 188 F.3d at 893.

The premise that Rule 23(f) petitions are disruptive and slow is not universally true and we decline to adopt any hard and fast rule on the basis of such an idea. First, Rule 23(f)

---

of complex litigation and the orderly development of law. . . . Interlocutory appeals are generally disfavored because they are disruptive, time-consuming, and expensive.

*Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 957–59 (9th Cir. 2005) (per curiam) (citations and internal quotation marks omitted).

petitions do not actually slow down litigation. Rule 23(f) petitions do not automatically stay district court proceedings—only the district court can grant a stay, as it did in this case, and it has discretion whether or not to do so. *See Blair*, 181 F.3d at 835 (suggesting that such stays will be infrequent). Likewise, district courts are bound to experience delay when they are confronted with motions for reconsideration, irrespective of any Rule 23(f) petition. The district court in this case, for example, kept Lambert's motion for reconsideration under submission for more than three months; and statistical studies by the Federal Judicial Center show that median ranges for decisions on class certification motions range from seven to fifteen months. *See* Thomas E. Willging et al., Fed. Judicial Ctr., Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules 27 (1996), http://www.uscourts.gov/sites/default/files/rule23_1.pdf. The Third and Eleventh Circuits' suggestions that district courts "ordinarily" rule on motions for reconsideration more quickly than appellate courts, and are "expect[ed]" to do so, are vague and lack persuasive force in light of the evidence to the contrary. *See Gutierrez*, 523 F.3d at 199; *Shin*, 248 F.3d at 1064. We recognize that Rule 23(f) petitions may lengthen litigation. But so do motions for reconsideration of a class action decertification decision when no 23(f) petition is filed, which every circuit to consider the question has treated as valid grounds for equitable tolling.

Third, Rule 23(f) petitions do not uniquely disrupt or inject uncertainty into the litigation. Rule 23(c)(1)(C) allows modifying or amending an order granting or denying class certification up to the time of final judgment, at the discretion

of the district court. Fed. R. Civ. P. 23(c)(1)(C)[7]; *see In re DC Water & Sewer Auth.*, 561 F.3d at 497 (noting that district courts may reconsider and modify class certification throughout the case); *Shin*, 248 F.3d at 1064 (explaining that district courts have the ability, "and perhaps even a duty," to reconsider certification as the case progresses). If the district court may change its class certification decision at any time, interlocutory review should not affect the parties' level of certainty as to the finality of that decision, nor should it be unusually or particularly disruptive. *See* Michael G. McLellan, *If at First You Don't Succeed: The Varying Standards Applicable to Renewed Motions for Class Certification*, 30 A.B.A. ANTITRUST 89, 92 (Summer 2016) (suggesting that Rule 23(f) and Rule 23(c)(1)(C) are strategic alternatives available to class action litigants).

If anything, Rule 23(f) appellate review may increase the level of certainty for litigants. Once an appellate court speaks to class certification issues in a Rule 23(f) appeal, the district court can no longer reconsider those issues under Rule 23(c)(1)(C), or at least its authority to do so will be narrowed by the court of appeals' ruling, thus enhancing certainty for the parties and the district court. *See McLellan*, *supra*, at 92 (explaining that a Rule 23(f) decision constrains the district court's ability to alter or amend certification under Rule 23(c)(1)(C)) (citing *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 703 (5th Cir. 2010)).

In sum, we hold that (1) Rule 23(f)'s deadline is not jurisdictional, (2) equitable exceptions therefore apply, such

---

[7] Federal Rule of Civil Procedure 23(c)(1)(C) provides: "An order that grants or denies class certification may be altered or amended before final judgment."

that (3) motions for reconsideration filed within fourteen days toll that deadline. We also hold that (4) equitable circumstances beyond a formal motion to reconsider filed within fourteen days can toll the Rule 23(f) deadline. As discussed above, equitable circumstances tolled the Rule 23(f) fourteen-day deadline so that Lambert's 23(f) petition was timely filed in this court.[8]

## IV.

As Lambert's petition was timely, we turn to the merits, and conclude that the district court abused its discretion in decertifying the class on the basis of Lambert's inability to prove restitution damages through the full refund model.

Lambert brought his consumer class action under Federal Rule of Civil Procedure 23(b)(3). "Under Rule 23(b)(3), the court must find that 'questions of law or fact common to class members predominate over any questions affecting only individual members.'" *Pulaski*, 802 F.3d at 985. A Rule 23(b)(3) plaintiff must show a class wide method for damages

---

[8] The parties also debate whether an order granting a motion for reconsideration provides a new fourteen-day window to file a Rule 23(f) petition, because such an order is "an order granting or denying class certification." This would be another issue of first impression for this court. Other circuits to consider the issue have held that petitioners receive an additional fourteen days to file a Rule 23(f) petition if a motion for reconsideration is granted and changes the status quo of class certification, regardless of when the motion is filed. *See Nucor Corp.*, 760 F.3d at 343; *Fleischman*, 639 F.3d at 31; *In re DC Water & Sewer Auth.*, 561 F.3d at 496; *Gutierrez*, 523 F.3d at 194; *Jenkins*, 491 F.3d at 1291–92; *Carpenter*, 456 F.3d at 1191–92; *McNamara*, 410 F.3d at 281. We need not decide this question, as we hold that Lambert's petition was timely under a tolling theory, and, in any case, the district court denied Lambert's motion.

calculations as a part of the assessment of whether common questions predominate over individual questions. *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013). The party seeking to maintain class certification bears the burden of demonstrating that the Rule 23 requirements are satisfied, even on a motion to decertify. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011); *United Steel Workers v. ConocoPhillips Co.*, 593 F.3d 802, 807 (9th Cir. 2010).

We have repeatedly emphasized that uncertain damages calculations should not defeat certification. In *Yokoyama*, we held that "damage calculations alone cannot defeat certification." 594 F.3d at 1094. After our decision in *Yokoyama*, the Supreme Court held in *Comcast* that a Rule 23(b)(3) plaintiff must show that "damages are capable of measurement on a classwide basis." *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1433 (2013). We have since reconciled our holding that uncertain damages cannot destroy class certification with *Comcast*'s holding that plaintiffs must show that their damages are capable of classwide measurement. In *Leyva*, we reaffirmed that uncertain damages calculations alone cannot defeat class certification because *Comcast* stood only for the proposition that "plaintiffs must be able to show that their damages stemmed from the defendant's actions that created the legal liability." *Leyva*, 716 F.3d at 513–14.

Uncertainty regarding class members' damages does not prevent certification of a class as long as a valid method has been proposed for calculating those damages. *Id.* at 514; *see also Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 970 (9th Cir. 2013) (explaining that the law "requires only that damages be capable of measurement based upon reliable factors without undue speculation"). "[T]he

fact that the amount of damage may not be susceptible of exact proof or may be uncertain, contingent or difficult of ascertainment does not bar recovery." *Pulaski*, 802 F.3d at 989 (quoting *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 939 (9th Cir.1999)); *see also Just Film, Inc. v. Buono*, 847 F.3d 1108, 1121 (9th Cir. 2017) (reaffirming that so long as the proposed damages model is attributable to the plaintiff's legal theory of the harm, and damages can be determined without excessive difficulty, decertification is not warranted).

Class wide damages calculations under the UCL, FAL, and CLRA are particularly forgiving. California law "requires only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached is an approximation." *Pulaski*, 802 F.3d at 989 (quoting *Marsu*, 185 F.3d at 938–39) (referring to the UCL and FAL); *see also Wiener v. Dannon Co.*, 255 F.R.D. 658, 670 (C.D. Cal. 2009) (providing that courts also have "'very broad' discretion to determine" damages under the CLRA); *Colgan v. Leatherman Tool Grp., Inc.*, 38 Cal. Rptr. 3d 36, 61 (Cal. Ct. App. 2006) (explaining that damages under the UCL and FAL "must be of a measurable amount to restore to the plaintiff what has been acquired by violations of the statutes, and that measurable amount must be supported by evidence"). Under California law, because restitution "damages may be computed even if the result reached is an approximation," *GHK Assocs. v. Mayer Grp., Inc.*, 274 Cal. Rptr. 168, 179 (Cal. Ct. App. 1990), uncertain damages should not prevent class certification, B.W.I. Custom *Kitchen v. Owens-Illinois, Inc.*, 235 Cal.Rptr. 228, 237 (Cal. Ct. App. 1987) ("[W]e know of no case where [factual determinations of damages] ha[ve] prevented a court from aiding the class to obtain its just restitution.").

Lambert proposed measuring class wide damages under the full refund model. The full refund model measures damages by presuming a full refund for each customer, on the basis that the product has no or only a de minimis value. *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 606 (9th Cir. 1993) ("Customers who purchased rhinestones sold as diamonds should have the opportunity to get all of their money back."). Here, Lambert presented evidence that the product at issue was valueless and therefore amenable to full refund treatment. We agree with the district court that the full refund model is consistent with Lambert's theory of liability. Accordingly, Lambert was required only to show that the full price amount of retail sales of the product could be approximated over the relevant time period, even if that figure or the data supporting it—in this case the average retail price multiplied by the number of units sold—was uncertain.[9] *Leyva*, 716 F.3d at 514.

Although Lambert did not present evidence of the actual average retail price, he did present evidence of both unit sales and the suggested retail price over the relevant time period.[10] There may well be additional evidence that Lambert could present at trial to support an average retail price. For

---

[9] This is not to say that every case proceeding under a full refund theory must produce figures for the average price and unit sales of a product. As Lambert argued in his motion for class certification, point-of-sale data approximating the total retail expenditure would also be an appropriate method of calculating restitution on a worthless item. So, too, would evidence of the defendant's wholesale revenue, if reasonably capable of being weighed or adjusted by the trier of fact to account for possible difference between wholesale and retail values.

[10] Notably, the suggested retail price was cited as one of the original grounds for certifying the class.

example, the record contains evidence that Lambert paid $16–$18 per 30-count bottle of the product and that Nutraceutical, through its website, sold 30-count bottles for $14.39 during this time frame. The suggested retail price in conjunction with Lambert's other evidence suggests that a trier of fact could calculate or sufficiently approximate the average retail price for the product.

We recognize that a suggested retail price does not "automatically configure an average," but such a precise average is unnecessary for class certification. At this stage, the question is only whether Lambert has presented a workable method. We conclude that he has.

Accordingly, because Lambert's damages model matched his theory of liability, and because Lambert had shown that his damages model was supportable on evidence that could be introduced at trial, the class should not have been decertified. The district court abused its discretion in holding otherwise, contrary to our law. *See Hinkson*, 585 F.3d at 1261–62 (holding that legal error is an abuse of discretion); *see also Pulaski*, 802 F.3d at 989; *Leyva*, 716 F.3d at 513–14; *Yokoyama*, 594 F.3d at 1094. Whether Lambert could prove damages to a reasonable certainty on the basis of his full refund model is a question of fact that should be decided at trial.[11]

---

[11] Because we hold that Lambert showed damages sufficient to avoid decertification under the full refund model, we need not reach the question of whether he waived his non-restitutionary disgorgement argument, or whether that arguments fails on the merits.

## V.

For the foregoing reasons, we conclude that Lambert's Rule 23(f) petition was timely, reverse the district court's order decertifying the class, and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**