NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| OULA ZAKARIA, individually as a representative the class,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>GERBER PRODUCTS CO., a corporation, d/b/a NESTLE NUTRITION, NESTLE INFANT NUTRITION, and NESTLE NUTRITION NORTH AMERICA<br><br>Defendant-Appellee, | No.    17-56509<br><br>D.C. No. 2:15-cv-00200-JAK-E<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Kronstadt, J., District Judge, Presiding

Submitted October 9, 2018
Seattle, Washington

Before:  PAEZ and BEA, Circuit Judges, and ROYAL,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable C. Ashley Royal, Senior United States District Judge for the Middle District of Georgia, sitting by designation.

Oula Zakaria appeals the district court's grant of summary judgment to defendant Gerber Products Co. (Gerber) on her California state law claims for restitution and actual, punitive, and statutory damages as well as its order decertifying a putative class of purchasers of Gerber's Good Start Gentle infant formula.

We review the district court's decision to decertify the class for abuse of discretion and its grant of summary judgment de novo. *Levya v. Medline Indus. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013); *Metoyer v. Chessman*, 504 F.3d 919, 930 (9th Cir. 2007). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion by decertifying the class on the ground that Zakaria had failed to provide an adequate basis to calculate restitution under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), or Consumer Legal Remedies Act ("CLRA"), and actual damages under the CLRA.

As a threshold matter, the district court committed no legal error by assessing the validity of Dr. Howlett's conjoint analysis after first deciding that Zakaria's damages theory matched her theory of liability under *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). *See Lambert v. Nutraceutical Corp.*, 870 F.3d 1170 (9th Cir. 2017) (holding that difficulties with calculating class-wide damages will

not defeat class certification, but only if "a valid method has been proposed for calculating those damages").

Under California consumer protection laws, plaintiffs can measure class-wide damages using methods that evaluate what a consumer would have been willing to pay for the product had it been labeled accurately. *See Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015). Such methods must, however, reflect supply-side considerations and marketplace realities that would affect product pricing. Accordingly, the district court's subsequent holding that Dr. Howlett's conjoint analysis was inadequate for measuring class-wide damages was not illogical, implausible, or without support in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009). Dr. Howlett's conjoint analysis did not reflect market realities and prices for infant formula products. Dr. Howlett's conjoint analysis showed only how much consumers subjectively valued the 1st and Only Seal, not what had occurred to the actual market price of Good Start Gentle with or without the label. Thus, regardless whether consumers were willing to pay a higher price for the labelled product, the expert's opinion did not contain any evidence that such higher price was actually paid; hence, no evidence of restitution or actual damages was proffered.

2. Dr. Howlett's deposition testimony, viewed in the light most favorable to Zakaria, does not support a justifiable inference to the contrary. Indeed, Gerber has

adduced undisputed evidence to show that it did not raise the price of Good Start Gentle because of the 1st and Only Seal.

*Pulaski* does not support a contrary result. *Pulaski* involved a putative class of online internet advertisers who brought false advertising claims against Google based on its AdWords program, an auction-based program through which advertisers would bid for Google to place their advertisements on websites. There, the plaintiffs proposed to measure damages via Google's own algorithm for setting the price of advertising space—a method that "directly addresse[d] Google's alleged unfair practice." *Pulaski*, 802 F.3d at 989. Because Google's AdWords program was auction-based, the advertisers' bids—i.e., demand—fixed the price for online advertising space. Here, by contrast, the subjective value consumers place on the 1st and Only Seal does not set the price for Good Start Gentle. Dr. Howlett's conjoint analysis alone therefore does not create a genuine issue of material fact regarding the amount of restitution or actual damages.[1]

---

[1] Zakaria also contends that she is entitled to restitution to deter false advertising. But while restitution serves a "dual purpose[] of restoration and deterrence," restitution may not be ordered "merely to achieve this deterrent effect." *In re Tobacco Cases II,* 240 Cal. App. 4th 779, 795 (2015). Rather, "[r]estitution under the UCL and FAL must be of a measurable amount to restore to the plaintiff what has been acquired by violations of the statutes, and that measurable amount must be supported by evidence." *Pulaski*, 802 F.3d at 988 (citations and internal quotation marks omitted).

Because Zakaria's claim for actual damages is unavailing,[2] her claim for punitive damages cannot succeed. "It is a well-settled rule that there can be no award of punitive damages without a finding of actual damages." *Contento v. Mitchell*, 28 Cal. App. 3d 356, 357 (Ct. App. 1972). Zakaria is also not entitled to statutory damages under Cal. Civ. Code § 1780(a). The $1,000 award contemplated by the statute is available only "in a class action." *Id.* Because "the class ha[d] been decertified," the district court's summary judgment analysis "applie[d] only to Plaintiff's individual claims." *See Zakaria v. Gerber Products Co.*, 2017 WL 9512587, at *22 n.13 (C.D. Cal. Aug. 9, 2017).

3. Finally, the district court did not abuse its discretion by declining to proceed with a liability-only class where no damages at all could be proven. Here, had Gerber marked up the price on Good Start Gentle, it would have imposed the same price mark-up on all buyers. Zakaria has not adduced sufficient evidence from which to infer what that premium might be, and Gerber has adduced uncontroverted evidence that it did not raise the price of Good Start Gentle because of its use of the 1st and

---

[2] The district court correctly held that "actual damages" is "the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received." *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 675 (2006). In arguing for a broader conception of "actual damages," Zakaria mistakenly relies on cases that define the phrase "any damage," which sets out the standing requirement for bringing a CLRA claim ("any consumer who suffers any damage"). Those cases are inapposite when deciding whether a plaintiff has adduced sufficient evidence of "actual damages."

Only Seal. On these facts, the district court committed no error in de-certifying the class.

**AFFIRMED.**